## BERNHARD A. KRUSE vs. NATHANIEL R. THOMPSON.

### March 17, 1880.

Act for Protection of Wages of Mechanics, etc.—Claim must be filed.—The proper construction of Gen. St. 1878, c. 90, §§ 22, 23, which provide for the better protection of the wages of mechanics, clerks, laborers and others, is this : The effect of section 22 is to give the lien therein spoken of as security for moneys due the employes mentioned for wages; and, further, to provide (for the purpose of making the lien effectual) that moneys so due shall be preferred, and first paid out of the proceeds of the sale of the property bound by the lien : *provided*, however, among other things, that in order to secure a lien, the claim of the employe for money due him as aforesaid must be filed in the office of the register of deeds, or of the town or city clerk, as the case may be. The filing of the claim is, therefore, indispensable. Section 23 does not assume to give any lien or any preference to the employe, but provides a way in which " an officer executing a writ of execution or attachment, or similar writ, upon the property of the employer, may and shall pay over to such employe the amount of his *claim*," meaning (by reference to the preceding section) the claim which he has filed as in such preceding section provided, and by filing which, as therein provided, he has secured the lien therein given.

On January 6, 1879, the defendant, as sheriff of Hennepin county, by virtue of executions issued on several judgments entered on that day, in the district court for that county, against one Eichelzer, a manufacturer and dealer in furs in the city of Minneapolis, levied on and took possession of the stock in trade, fixtures, etc., of the judgment debtor, and afterwards sold the same to satisfy the executions. At the time of the entry of the judgments, and for several years immediately preceding that day, the plaintiff had been a clerk

for Eichelzer, and at the time of the levy there was due him for his services as such clerk the sum of $200, of which facts the plaintiff notified the defendant, after the levy and before the sale, and demanded of him that he pay to plaintiff the sum of $200 out of the proceeds of the sale. The defendant not having complied with such demand, the plaintiff brought this action in the same court to recover the amount demanded, alleging in his complaint the facts above stated, but not alleging that he had ever filed his claim with the register of deeds or the city clerk. A demurrer to the complaint was sustained by *Vanderburgh,* J., and the plaintiff appealed.

*Koon & Merrill,* for appellant.

*Shaw & Levi,* for respondent.

BERRY, J. Gen. St. 1878, *c.* 90, §§ 22, 23, read as follows:

Section 22. "That all moneys that may be due, or shall hereafter become due, for labor or services rendered by any mechanic, clerk, laborer or servants, from any person or persons, or chartered company, employing mechanics, clerks, laborers or servants, either as owners, lessees, contractors, or under-owners of any works, manufactory, or other business of whatever description, where mechanics, clerks, laborers or servants are employed, whether at so much per diem or otherwise, for any period not exceeding six months immediately preceding the sale and transfer of such works, manufactory or business, or other property connected therewith in carrying on said business, by executors or otherwise, or preceding the death or insolvency of such employer or employers, shall be a lien upon said works, manufactory, business or other property in and about, or used in carrying on, said business, or in connection therewith, to the extent of the interest of said employer or employers, owners or contractors, as the case may be, in said property, and shall be preferred and first paid out of the proceeds of the sale of such works, manufactory, business or other property as aforesaid: *provided,* that [the] portion of such preferred claim of such mechanic, clerk,

laborer or servant, thus preferred, shall not exceed $200 ᵼ *and provided, further*, that this act shall not be construed so as to impair contracts vested, or liens of record existing, prior to its passage : *and provided, further*, that no such claim shall be a lien upon any real or personal estate, unless the same shall be filed, if real estate, in the office of register of deeds. of the county in which such real estate is situated, within one month after the claim becomes due, in the same manner as mechanics' liens are now filed; and, if upon personal property, such claims shall be filed in the office of the clerk of the town or city in which said property is situated, in the manner provided for the filing of chattel mortgages therein."

Section 23. "In all cases of executions, attachments and writs of a similar nature, hereafter to be issued against any person or persons, or chartered company, engaged as before mentioned, it shall be lawful for such mechanics, clerks, laborers or servants to give notice in writing of their claim or claims, and the amount thereof, to the officers executing either of such writs, at any time before the actual sale of the property levied upon; and such officers shall pay to such mechanics, clerks, laborers and servants, out of the proceeds of sale, the amount each is justly and legally entitled to receive, not exceeding $200, as may be agreed on by the parties in interest, or by the judgment of any court of competent jurisdiction."

Our construction of these sections is this: The effect of section 22 is to give the lien therein spoken of, as security for moneys due the employes mentioned for wages, and further to provide, for the purpose of making the claim effectual, that moneys so due shall be preferred and first paid out of the proceeds of the sale of the property bound by the lien: *provided*, however, (among other things,) that in order to secure a lien, the claim of the employe for money due him as aforesaid must be filed in the office of the register of deeds, or of the town or city clerk, as the case may be. The filing of the claim is, therefore, indispensable; no filing, no lien nor prefer-

ence.   Section 23 does not assume to give any lien or any preference to the employe, but provides a way in which an officer executing a writ of execution or attachment, or similar writ, upon the property of the employer, may and shall pay over to such employe the amount of his claim ; meaning (by reference to the preceding section) the claim which he has filed, as in such preceding section provided, and by filing which, as therein provided, he has secured the lien therein given.   These views dispose of the case.

Order affirmed.