GUSTAV SCHILLING *vs.* WESLEY CARTER.[1]

June 3, 1886.

**Lien—Agricultural Products.**—The provisions of Laws 1878, *c.* 86, were not intended to secure to farm laborers a lien for their wages upon agricultural products.

The plaintiff brought this action in a justice's court in Stearns county, to enforce a lien claimed to exist upon certain farm products. On appeal to the district court the action was tried by *Collins*, J., without a jury, and judgment for defendant directed and entered, from which the plaintiff appeals.

*Tolman & Baldwin*, for appellant.

*Oscar Taylor*, for respondent.

VANDERBURGH, J. The defendant is the owner of a certain farm, which was cultivated by one Heaton during the season of 1884, under an agreement between them by the terms of which the latter was to cultivate and harvest the crops thereon, the title and ownership of which were to be and remain in the defendant, who agreed to deliver to Heaton one-half of the same in consideration of the faithful fulfilment of the stipulations in the agreement on his part. The trial court finds that the parties had a dispute touching matters growing out of this contract, which was settled by arbitration, September 15, 1884, under which defendant was awarded all the crops and grain raised on the farm. The plaintiff was employed by Heaton as a farm laborer, and assisted in cultivating and harvesting the crops, and on September 4, 1884, there was a balance due him of $47.50 for wages. He thereupon made and filed a verified account and claim of lien therefor upon the products of the farm for that year, and subsequently, on September 22, 1884, notified the defendant thereof.

The defendant's alleged liability is based upon the claim made by the plaintiff that Heaton had an interest in the grain and other prod-

---

[1] June 3, 1886. VANDERBURGH, J. *Frederick Hohman* v. *Wesley Carter* presents the same question as *Schilling* v. *Carter, supra,* and is determined in the same way.

Judgment affirmed.

ucts raised on the farm which was subject to a lien for the amount due plaintiff, under Laws 1878, *c.* 86, (Gen. St. 1878, *c.* 90, §§ 22–26,) and that the defendant, having appropriated such products, had thereby made himself liable to the plaintiff in this action. The act referred to is entitled "An act for the better protection of the wages of mechanics, clerks, laborers, and others." The general purpose of this statute, which is awkwardly drawn and obscure in its meaning, purports to be to secure a lien in favor of the class of persons mentioned, for their wages for six months immediately preceding the death or insolvency of employers, on the sale or transfer, "by executors or otherwise," of the "works, manufactory, or business, or other property connected therewith in carrying on said business." The lien in such cases extends to "the works, manufactory, business, or other property in and about, or used in carrying on, said business, or in connection therewith," to the extent of the interest of the employer, etc.

It needs no extended discussion to show that the facts found herein do not bring the case within the provisions of this act. It was not, we think, the intention of the legislature to extend the lien to crops raised on a farm, under the provisions of the first section, and the third section is inapplicable to the facts of this case. In the practical operation of this statute, its chief value, we think, consists in securing a preference to mechanics, clerks, and operatives, where a business or its assets are about to be closed out, in cases of insolvency or death, or under process. In cases of forced sales, under the second section, the practice is indicated in *Kruse* v. *Thompson,* 26 Minn. 424, (4 N. W. Rep. 814.)

Judgment affirmed.