ALBERT OLSON and others *vs.* ALBERT PENNINGTON, impleaded, etc.

July 27, 1887.

**Lien for Wages—Time of Filing.**—Under the lien law of 1878, for securing the wages of mechanics and others, the time for filing a lien is limited to one month after the claim becomes due, both as respects personal property and real estate.

**Same—Statement.**—A lien statement filed is ineffectual to perfect a lien, if it shows affirmatively upon its face that it was filed too late, even though the fact may have been otherwise.

**Same—Description—Insolvency.**—A lien statement filed may be effectual to secure to the claimant a right to be preferred in payment by the assignee of the insolvent debtor, even though the lien statement did not describe any particular property.

Appeal by defendant Pennington from an order of the district court for Pine county, *Crosby,* J., presiding, overruling a demurrer to the complaint, which alleged substantially these facts, viz. :   The plaintiffs rendered labor and services for the defendant the Heath Lumber Manufacturing Company, between April 1, 1885, and August 1, 1885, in and about the business of carrying on and operating a sawmill and the manufacture of lumber, for the agreed sum of $48.   The Heath Lumber Manufacturing Company was during this time the owner of the saw-mill and a large amount of personal property, all of which were situate in the town of Chengwatana, in Pine county. On August 14, 1885, the Heath Lumber Manufacturing Company became insolvent, and the defendant Pennington is receiver and in pos-

session of the above-mentioned personal property. On August 29, 1885, the plaintiffs filed in the office of the town clerk of the town of Chengwatana a statement for a lien for the above sum upon the property of the insolvent company. In this statement, which is verified and a copy of which is made part of the complaint, it is alleged that said sum of $48 became due one month next preceding the date of the insolvency, August 14, 1885.

*Clapp & Macartney,* for appellant.

*L. H. McKusick,* for respondents.

DICKINSON, J.[1] The statute (Laws 1878, c. 86; Gen. St. 1878, c. 90, §§ 22–26) provides for a lien to secure the wages of mechanics, laborers, and servants in certain cases. It is provided by the first section of the act that "no such claim shall be a lien upon any real or personal estate, unless the same shall be filed, if real estate, in the office of register of deeds of the county in which such real estate is situated, within one month after the claim becomes due, in the same manner as mechanics' liens are now filed; and, if upon personal property, such claims shall be filed in the office of the clerk of the town or city in which said property is situated, in the manner provided for the filing of chattel mortgages therein."

The lien which is the subject of this action was effected by the filing of a statement of the same in the town clerk's office. Not being filed in the office of the register of deeds, it could only be effectual as to personal property. The question is raised by the demurrer whether it was filed in time to be effectual, even as to personal property. The limitation of time within which a lien may be filed, under the statutory provision above recited, must be regarded as applicable to every case, whether real estate or personal property is sought to be charged. It must be filed "within one month after the claim becomes due."

It is set forth in the lien statement filed, a copy of which is appended to the complaint, that the sum claimed became due one month preceding the defendant's insolvency, and that such insolvency occurred on the 14th day of August. This lien statement was verified and filed August 29th, more than a month after the claim is thus

[1] Berry, J., because of illness, took no part in this case.

shown to have become due. It thus shows affirmatively upon its face that the claim was not filed within the time allowed. The filing required is intended to serve the purposes of a notice, and to show the existence of the lien. This statement showing upon its face that the lien claimed could not exist, it was ineffectual to perfect a lien, and the allegation in the complaint that the debt in fact became due on the 1st of August does not avoid the difficulty.

The further claim that the lien was ineffectual, because no specified property was described in the lien statement, is not sustained. We are of the opinion that this statute was not intended to require a specification of the property sought to be charged with a lien, and that, at least as to the receiver of the insolvent debtor, a preference might be secured entitling the claimant to be first paid out of the proceeds of the property subject to the lien filed, although there was no particular property described in the lien statement. See *Kruse v. Thompson*, 26 Minn. 424, (4 N. W. Rep. 814.)

Order reversed.