### Jones B. Liljengren *vs.* James H. Ege, Sheriff.

### July 3, 1891.

Execution Sale — Property Subject to Liens for Wages — Rights of Lienholders — Duty and Liabilities of Sheriff. — When property levied on under writs of attachment or execution is subject to lien claims, under Gen. St. 1878, c. 90, §§ 22, 23, it becomes the duty of the officer, when notice has been duly served on him, in case a sale is made by him upon execution, to pay over to such lienholders the amount found to be due each from the proceeds of the sale, not exceeding the statutory limit. Until a sale, the property levied on remains subject to such liens.   The officer's right to the possession and power to sell is derived from the writ only, and prior to a sale he is not liable to the lienholder, except for some wrongful or fraudulent act or omission in the disposition or care of the property, to the damage of the latter.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, sustaining a demurrer to the complaint, the averments of which are in substance as follows: Between December 1, 1889, and May 1, 1890, the plaintiff performed 128 days' manual labor in the manufacture of furniture for

the Liljengren Furniture & Lumber Company, as an employe of that company and at its special instance and request, at the agreed price and of the value of $2.25 per day, in all $288, of which the sum of $164.43 only has been paid. On May 17, 1890, the defendant, as sheriff of Hennepin county, by virtue of an execution against the property of the furniture company, levied upon and took possession of a quantity of furniture at the company's factory in Minneapolis, being the same furniture on which plaintiff had worked at the same factory. On the same day the plaintiff duly filed a claim, under Gen. St. 1878, c. 90, § 22, for a lien on the attached property for his unpaid wages, and gave due notice to the sheriff, and required him to pay the plaintiff's claim, and to sell the property according to law, and pay plaintiff from the proceeds. The sheriff, however, "wrongfully and unlawfully disposed of said personal property so levied on, and on which plaintiff claimed a lien, and allowed the same to leave and be taken from his possession, and failed, neglected, and refused to sell said property, as required by Gen. St. 1878, c. 90, § 23, and out of the proceeds of the same to pay this plaintiff's just and legal claim." Plaintiff on December 19, 1890, brought suit against the furniture company on the same claim, and obtained judgment for $141.10, principal, interest, and costs, and afterwards renewed his demand on the sheriff, which was again refused. Judgment is demanded for $141.10 and interest, to be made a specific lien on the property levied on, and to be satisfied from that property; and in case that cannot be done, then the plaintiff asks that judgment be rendered against the defendant personally.

*Merrick & Merrick,* for appellant.

*Fletcher, Rockwood & Dawson* and *Edward Savage,* for respondent.

VANDERBURGH, J. Gen. St. 1878, c. 90, § 22, secures to mechanics and laborers a preference of payment where a business or its assets is about to be closed out in consequence of death or insolvency, or under process, and provides a lien for their wages for six months immediately previous, not exceeding $200 for each, as therein specified, upon real and personal property, the claim therefor to be duly filed. *Schilling* v. *Carter*, 35 Minn. 287, (28 N. W. Rep. 658.) By

section 23 it is provided that, in case of attachments and executions issued against any one belonging to the class of debtors mentioned in the previous section, it shall be lawful for such mechanics, laborers, or servants to give notice in writing of their claims, and the amount thereof, to the officer executing the writ, at any time before the actual sale of the property levied on; and such officer shall pay to such mechanics, etc., out of the proceeds of sale, the amount each is entitled to receive, not exceeding $200, as may be agreed on by the parties in interest, or fixed by the judgment of any court of competent jurisdiction. This provision is intended to save the rights of the lien-claimants in case of such sales. *Kruse* v. *Thompson*, 26 Minn. 424, (4 N. W. Rep. 814.) In case the property is sold, the lien is transferred to the proceeds in the hands of the officer. Until it is sold, the property is subject to the lien in the cases provided for. The officer acts in obedience to the writ, and if it is set aside, discharged, or superseded, and the property released from levy by settlement of the suit or a payment of the judgment upon which the execution issued, or by operation of law, the officer cannot retain possession of the property for the enforcement of the lienholder's claim. His right to the possession, and to sell, is derived from the writ only, and before the sale the officer is not liable to the lienholder except for some wrongful or fraudulent act or omission in the disposition or care of the property, which may operate to his damage, which should be made to appear. If the levy is lawfully released, and the writ remains unexecuted, it is as if no levy had been made, and the lienholder is left to enforce his lien as before. It is evident that the officer must obey the writ, and the sale is made by virtue thereof, and not by virtue of the lien claim; and if the writ is suspended or vacated, and it cannot be executed, no sale can be made.

We think the complaint in this case fails to show any tortious or fraudulent conduct on the part of the defendant sheriff in the premises, or how the plaintiff was prejudiced by the alleged surrender of the property. The facts are not fully disclosed, but it is evidently sought to charge the defendant because he did not sell under the lien alone. It charges that the defendant wrongfully disposed of the property, notwithstanding the service of notice of the lien, and his delin-

quency is more particularly specified in "allowing the same to leave and be taken from his possession, and in *failing to sell* as required by section 22." The writ may therefore have been lawfully superseded, or have become inoperative, and it is clear that plaintiff's chief ground of complaint is that the officer failed to sell the property; and he insists that it was his duty so to do, under section 22, for the purpose of enforcing the lien. Whatever the real state of the case may be as between the parties, it is evident that the complaint is insufficient.

Order affirmed.