PATRICK MEEHAN and Another v. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY and Others.[1]

May 10, 1901.

Nos. 12,513—(77).

**Amendment of Lien Statement.**

A mechanic's lien statement cannot, as to third persons who have acquired rights and interests in the land covered thereby adverse to the lien claimant, be amended to the prejudice of the rights of such third persons after it has been filed in the office of the register of deeds, and after the expiration of the time limited by statutes for filing of the same.

**Same—G. S. 1894, § 5266.**

G. S. 1894, § 5266, providing for amendments to proceedings in court, has no application to mechanic's lien statement.

Action in the district court for Marshall county to enforce a materialman's lien. The case was tried before Watts, J., who

[1] Reported in 86 N. W. 19.

found in favor of defendants. From a judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*Henry W. Lee,* for appellants.

*Andrew Grindeland,* for respondents.

BROWN, J.

1. This action is one to foreclose a mechanic's lien. Defendant Merriam, who alone answered, had judgment in the court below, and plaintiffs appeal therefrom. The only question in the case deserving special mention is whether a mechanic's lien statement, after it has been filed in the office of the register of deeds, and after the time fixed by law for filing the original, may, as to a third person who has acquired rights and interests in the land covered by the lien adverse to the lien claimant, be amended on the trial of an action to foreclose it by changing the date of the last item of material furnished.

The facts are as follows: The plaintiffs sold and delivered to defendant Conklin a quantity of lumber and building material with which to erect a barn upon land then in his possession, and held by him under a contract of purchase with defendant railroad company. He failed to pay for such lumber and materials, and the plaintiffs caused a statement of lien to be prepared in proper form, and filed as required by statute. The lien statement was made and filed in December, 1895, and recites and states that the last item of material was furnished on December 17, 1895. This action was commenced December 19 of the following year, 1896, two days after the statutory limitation of one year for bringing such actions. Some time after the commencement of the action, and subsequent to the service of defendant's answer, counsel for plaintiffs made an application to the predecessor of the learned trial judge who finally tried the case for an order permitting an amendment to the lien statement by inserting therein that the last item of material was in fact furnished January 8, 1896, instead of December 17. The application was granted, and counsel for plaintiffs amended the statement of the lien, which was then in court, in accordance with his application. The cause subse-

quently came on for trial, and resulted in judgment for defendant Merriam.

The court below correctly disposed of the case. Plaintiffs had no right, as to this defendant at least, to amend the lien statement in the respect stated. For aught that appears from the record before us, he acquired all the interests of the debtor, Conklin, in and to the land covered by the lien prior to the commencement of the action in good faith, and now holds the same as a bona fide purchaser. Some matters referred to by counsel for appellant on the oral argument tending to show the contrary are not found in the record, and cannot be considered. The lien had expired by statutory limitation at the time of the commencement of this action, and could not be revived by an amendment of the statement. 13 Am. & Eng. Enc. Pl. & Pr. 1006; 2 Jones, Liens, § 1455, and cases cited; Olson v. Pennington, 37 Minn. 298, 33 N. W. 791. Whether it could be amended in the manner undertaken in this instance (by the interlineation in the original statement), even as between the parties, we need not determine. As the record of a mechanic's lien is required by statute to be made in the office of the register of deeds to be effectual as such, it would seem that it could only be amended, if at all, in an action brought for that express purpose.

No reason occurs to us why the rule applicable to the correction of mistakes in deeds and mortgages and other like instruments should not apply to a lien statement. But this question is not before us, and we do not decide it. It is clear that as to third parties acquiring in good faith rights and interests adverse to the lien claimant the statement cannot be amended at all if it prejudice the rights of such third party. See authorities above cited. There can be no doubt but that the amendment here made was prejudicial to defendant Merriam. His rights were acquired subsequent to the time limited for filing the lien statement, and at the time of the commencement of this action no valid lien existed against the land as to him, because of the failure of plaintiffs to bring action thereon within the year limited therefor by statute. The Wisconsin case cited by appellant (Witte v. Meyer, 11 Wis. 295) is not in point. That decision was rendered under a statute

of that state requiring the lien statement, or petition, as there termed, to be filed in the office of the clerk of the court, and not, as here, in the office of the register of deeds. Being filed in the office of the clerk of the court, it became a record or proceeding in the court in which the action to foreclose was brought, and, of course, was within the control of the court, and proper to be amended. In this state the lien statement is not filed with the court, but with the register of deeds, and is not a proceeding in nor a record of the court. G. S. 1894, § 5266, providing for amendments to pleadings and proceedings in court, has no application.

Whether plaintiffs are entitled to a personal judgment against the debtor, Conklin, is not before us. If entitled to such judgment, they may apply therefor to the court below. Conklin did not appear in the action, and the trial of it proceeded on the issues raised by the answer of defendant Merriam alone. If defendant Merriam promised and agreed to pay for the material, he is, of course, liable therefor; but there is no finding of the trial court that he did so promise or agree, nor did appellants request that such a finding be made. So whether he is personally liable is a question not now before the court. No other assignments of error present any question requiring special mention.

Judgment affirmed.