## FRANK E. NEMEC v. EARLE BROWN AND NATIONAL SURETY COMPANY.[1]

November 4, 1921.

No. 22,487.

**Sheriff not liable for premature delivery of extradited prisoner.**

1. The fact that, pending an appeal in habeas corpus proceedings, a sheriff, in violation of the statute, prematurely delivered a prisoner, whom he lawfully held in custody under an extradition warrant, to the agent of the demanding state named in such warrant, and failed to

[1] Reported in 184 N. W. 956.

accompany him to the state line as provided by the statute, does not of itself create a cause of action for damages where the wrongful act of the sheriff is not the proximate cause of the alleged damages.

**When sheriff is liable only to statutory punishment for violation of duty.**
2. Where the legislature prohibits or requires the doing of an act by a sheriff and prescribes a punishment for a violation of its mandate, the punishment furnishes the exclusive remedy for the wrong and the act cannot be made the basis of an action for damages, unless the aggrieved party has been specially injured thereby in his person or property.

Action in the district court for Hennepin county to recover $200,000 upon defendant sheriff's bond. From an order, Molyneaux, J., sustaining the separate demurrers of defendants to the complaint, plaintiff appealed. Affirmed.

*H. K. Chance,* for appellant.

*Floyd B. Olson* and *Lancaster, Simpson, Junell & Dorsey,* for respondents.

QUINN, J.

This action was brought to recover damages from the sheriff of Hennepin county and his bondsmen, for an alleged delinquency of the sheriff in the performance of his official duties. From an order of the district court sustaining defendants' demurrers to the complaint, plaintiff appealed.

Plaintiff was arrested by the sheriff under an extradition warrant issued by the Governor of Minnesota upon the requisition of the Governor of Illinois. After arrest plaintiff obtained a writ of habeas corpus from the district court. Upon hearing, the writ was quashed and plaintiff remanded to the custody of the sheriff. On the same day plaintiff appealed to the supreme court from the order quashing the writ, and served notice of such appeal upon the sheriff and county attorney. Before a hearing on the appeal was had the sheriff turned plaintiff over to the agent of the state of Illinois and he was taken to that state where he was tried and acquitted on the requisition charge. But the habeas corpus appeal was without merit, and this court ordered plaintiff remanded to the custody of the agent. Plaintiff therefore was bound to

go to Illinois on the warrant of extradition, and he suffered no injury by the premature action of defendant in surrendering custody to the Illinois agent.

This action is brought to recover exemplary damages for the delinquency of the sheriff in turning plaintiff over to the Illinois agent while such appeal was pending, and for his failure to accompany plaintiff to the state line before turning him over to the Illinois agent. The action is based upon the provisions of G. S. 1913, §§ 9038-9043. Section 9038, after providing for an investigation by the attorney general or county attorney of the ground of a demand for a fugitive and the issuance by the Governor of his warrant authorizing a sheriff to take the person to the state line and there deliver him to the agent of the state making the demand, provides that:

"Upon receipt of such warrant, such officer may arrest and retain in his custody the person whose surrender is demanded; but no person arrested on such warrant shall be delivered to the agent designated therein, or to any other person, until he shall have been notified of the demand for his surrender, and of the nature of the criminal charge made against him, nor until he has had an opportunity to apply for a writ of habeas corpus, if he shall claim such right of the officer making the arrest. Whenever such writ shall be applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the attorney general or the county attorney of the county in which the arrest is made. Every sheriff or other officer making such arrest, who shall deliver over to the agent named in such warrant, or to any other person for extradition, the person so in his custody under such warrant, without having complied with the provisions of this subdivision, shall be punished by imprisonment in the county pail for not more than six months, or by a fine of not more than one thousand dollars, or by both."

The statute creates no substantive rights in persons arrested on extradition warrants, nor does it give to such persons a civil right of action for its breach. There can be no recovery, unless special injury or damage to plaintiff resulted from the sheriff's illegal acts, that is, the delivery of plaintiff to the agent pending the appeal and his failure to accompany plaintiff to the state line. The rule applicable is clearly

stated in 1 C. J. 985-989. See also Rex v. Robinson, 2 Burr. 799; City of Faribault v. Misener, 20 Minn. 347 (396); Ward v. Severance, 7 Cal. 126; Mairs v. Ry. Co. 175 'N. Y. 409, 67 N. E. 126. The same principle is recognized in Mix v. Board of Comrs. Nez Perce County, 18 Idaho, 695, 112 Pac. 215, 32 L.R.A.(N.S.) 534; Ware-Kramer Tobacco Co. v. American Tobacco Co. 180 Fed. 160; Mack v. Wright, 180 Pac. 472, 36 Atl. 913; McKinney v. Monongahela Nav. Co. 14 Pa. St. 65, 53 Am. Dec. 517.

The rule is based upon a correct theory. The turning over of a prisoner lawfully held to one not lawfully entitled to hold him, is, in effect, discharging such prisoner. Our statute makes it a crime to assist in the escape, or to receive a gratuity for assisting in the escape, of a prisoner. The mere defining of this breach of duty and the provision for punishment therefor, does not create a private cause of action for damages. In such case it will not be presumed that the legislature, by prohibiting the act, intended to establish a substantive duty, the violation of which would create a private right of action for damages. The statute contains many similar provisions for the procedure of officers in criminal matters, the violation of which could not afford bases for private actions. Whether a liability arises from a breach of the duty of an officer in such matters, must depend upon whether an individual right, existing under substantive law, has been violated.

In his complaint plaintiff alleges: "That because of the  *  *  * acts of defendant sheriff plaintiff was caused great pain, anguish, and physical and mental suffering, and was branded and advertised as a common criminal, falsely, and suffered great agony of mind thereby," to his damage in the sum of two hundred thousand dollars ($200,-000.00), for which amount he asks judgment. The mere fact that plaintiff was transferred from the custody of the sheriff to that of the agent, while being detained in Minnesota, could not cause the pain and mental suffering, nor the disgrace complained of. It appears from the face of the complaint that the alleged branding of the plaintiff as a common criminal was because of the indictment against him on insufficient facts, taken in connection with his arrest under the extradition warrant, and not because of his premature delivery by the sheriff to

the Illinois agent, nor the failure of the sheriff to accompany him to the state line. In order to sustain a civil action against a sheriff in such a proceeding, it must appear that the complaining party has sustained injury through some act or default of the officer. Liljengren v. Ege, 46 Minn. 488, 49 N. W. 250; 35 Cyc. 1785; Larson v. Chase, 47 Minn. 307-311, 50 N. W. 238, 14 L.R.A. 85, 28 Am. St. 370; Beaulieu v. Great Northern Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L.R.A. (N.S.) 564, 14 Ann. Cas. 462; Lesch v. Great Northern Ry. Co. 97 Minn. 503, 106 N. W. 955, 7 L.R.A.(N.S.) 93; 17 Corpus Juris, 831. We think the demurrers were properly sustained. There is no merit in the discussion of the holding in the case of State ex rel. Nemec v. Sheriff of Hennepin County, 148 Minn. 484, 181 N. W. 640.

Affirmed.