H.J. INC., et al., Appellants,

v.

NORTHWESTERN BELL CORPORATION, et al., Respondents.

No. CX–87–1843.

Court of Appeals of Minnesota.

March 15, 1988.

Review Denied May 16, 1988.

Mark Reinhardt, Susan C. Bedor, Reinhardt & Anderson, John Cochrane, Cochrane & Bresnahan, St. Paul, for appellants.

John D. French, John F. Beukema, James L. Volling, Faegre & Benson, Minneapolis, Stephen T. Refsell, Gen. Atty., Northwestern Bell Telephone Co., Minneapolis, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Appellants brought this action for damages and injunctive relief based on respondent Northwestern Bell Telephone Company's (Northwestern Bell's) alleged bribery of Minnesota Public Utilities Commission (MPUC) members. The trial court dismissed the suit, and we affirm.

## FACTS

Appellants are customers of Northwestern Bell, and they purport to represent a class of all purchasers of telecommunications goods and services from Northwestern Bell since July 1, 1980. Appellants allege that since that date, Northwestern Bell has unlawfully sought to influence members of the MPUC by various methods, including cash payments, tickets for airplane travel, plays and sporting events, and offers of employment. As a result of these activities, appellants assert, the rates set by the MPUC for Northwestern Bell were excessive and void. They seek relief on several theories: bribery under the common law and the criminal code; unjust enrichment; and violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961–68 (1984). The trial court dismissed all their claims.

Appellants had previously sued Northwestern Bell in federal district court, alleging essentially identical facts and theories of relief, except the federal action did not contain a claim for unjust enrichment. In that suit appellants' RICO claims were dismissed for failure to state a claim upon which relief can be granted, and their brib-

ery claim was dismissed without prejudice since the basis for pendent jurisdiction no longer existed. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 648 F.Supp. 419 (D.Minn.1986), *aff'd*, 829 F.2d 648 (8th Cir. 1987), *petition for cert. filed*, 56 U.S.L.W. 3530 (U.S. Jan. 20, 1988) (No. 87.1252).

## ISSUE

Did the trial court err in dismissing appellants' claims?

## I.

### *Bribery.*

Appellants' complaint alleges a cause of action for bribery under the criminal bribery statute, Minn.Stat. § 609.42, subd. 1(1)–(2) (1986), which contains no provision for private remedies. They also allege a right to sue for bribery under the common law. The trial court held no cause of action exists.

### A. *Statutory right of action.*

A criminal statute gives rise to a civil cause of action only if it appears by express terms or clear implication to have been the legislative intent. *Jeffers v. Convoy Co.*, 636 F.Supp. 1337 (D.Minn.1986) (holding no private cause of action exists under Minn.Stat. § 181.76 because its express terms do not so provide). This principle is reflected in several Minnesota cases.

In *Nemec v. Brown*, 150 Minn. 252, 184 N.W. 956 (1921), a sheriff violated a criminal statute by prematurely extraditing a prisoner. The supreme court affirmed the dismissal of the prisoner's suit for damages:

> [I]t will not be presumed that the legislature, by prohibiting the act, intended to establish a substantive duty, the violation of which would create a private right of action for damages.

*Id.* at 255, 184 N.W. at 957.

In *Miller v. Minneapolis Underwriters Association*, 226 Minn. 367, 33 N.W.2d 48 (1948), plaintiff sought an injunction against conduct it claimed violated a criminal antitrust statute. The supreme court dismissed the suit, holding that the mere violation of a criminal statute is not grounds for injunctive relief. It stated: "The criminality of the act neither gives nor ousts jurisdiction in chancery." *Id.* at 371, 33 N.W.2d at 51.

This court has also refused to find a private cause of action based on a criminal statute that does not expressly or impliedly provide for one. In *North Star Legal Foundation v. Honeywell Project*, 355 N.W.2d 186 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 2, 1985), we affirmed the dismissal of a suit based on the criminal trespass statute, stating, "Nothing in this statute even hints of a private cause of action for its violation." *Id.* at 188.

■ Under the preceding cases, appellants do not have a cause of action based on the criminal bribery statute. Nothing in the statute suggests the legislature intended to create a civil remedy.

None of the cases relied on by appellants involves a private cause of action created by a criminal statute. *See United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 81 S.Ct. 294, 5 L.Ed.2d 268 (1961) (holding that federal government could use violation of penal conflict of interest statute as a defense to a breach of contract claim); *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 540, 63 S.Ct. 379, 382, 87 L.Ed. 443 (1943) (federal statute made defrauding government a crime and explicitly authorized qui tam actions, in which "any person" can sue on behalf of government); *Continental Management, Inc. v. United States*, 208 Ct.Cl. 501, 527 F.2d 613, 620 (1975) (recognizing common law, not statutory, right of government to sue bribers for amount of bribes paid to government employees); *Channel 10, Inc. v. Independent School District No. 709, St. Louis County*, 298 Minn. 306, 215 N.W.2d 814 (1974) (allowing television station to sue to enforce civil open meeting statute); *Phillips v. Brandt*, 231 Minn. 423, 43 N.W.2d 285 (1950) (allowing taxpayer suit under since-repealed Minn.Stat. § 540.02 to enjoin city from paying unauthorized salary to employee); *Regan v. Babcock*, 188 Minn. 192, 247 N.W. 12 (1933) (allowing taxpayer

suit against state officials to declare void highway construction contracts that violated civil statute requiring competitive bidding).

Finally, appellants argue they should have a cause of action under the bribery statute because "civil actions are brought under a number of other criminal statutes," such as the criminal assault and the criminal sexual conduct statutes. Those statutes do not create private civil actions, however. Tort actions for assault and battery are based on the common law, not the criminal code.

### B. *Common law right of action.*

Appellants also assert a right to sue Northwestern Bell for bribery under the common law. They cite no Minnesota case establishing such a common law right, and we are not aware of any. In effect, appellants are asking this court to create a new tort.

■ One case cited by appellants did recognize a common law cause of action based on bribery of government officials—but it granted the action to the government, based on principles of agency law. In *Continental Management,* the federal court of claims allowed the United States to sue a company to recover the amount of bribes the company had paid to officials in federal agencies. The court based its decision primarily on the ground that persons who give secret profits to agents should be liable to the principal. *Id.* 527 F.2d at 616–17. This reasoning does not apply here, because the MPUC is not appellants' agent. We find no basis for establishing a common law cause of action for bribery of public officials.

tion thereafter arising between * * * private parties and any telephone company, the order shall be deemed final and conclusive.

*Id.*

Appellants concede this statute bars collateral challenges to rates set by the MPUC. They argue, however, that they are attacking not the rates but the ratemaking proceeding, and that the rates are void, not merely excessive. The trial court need not establish fair and reasonable rates to grant them relief, they argue, but should award them the entire rates paid.

■ There are two problems with appellants' argument. First, they cannot avoid the necessity of having the trial court determine new rates, even if the rates previously set are void. Under a theory of unjust enrichment, appellants would only be entitled to restitution of the amount exceeding the value of the services they received from Northwestern Bell—that is, the amount in excess of fair and reasonable rates.

A more basic problem with appellants' argument is that even if the trial court could grant them relief without determining new rates, the unjust enrichment claim would still be a collateral attack on a rate order in violation of Minn.Stat. § 237.26. It does not matter whether appellants argue the rates are unreasonable or a nullity. The statute makes the MPUC's order "final and conclusive," and it does not distinguish between collateral attacks based on the reasonableness of rates and collateral attacks based on the validity of the rate proceeding.

### II.

### *Unjust Enrichment.*

The trial court held appellants' unjust enrichment claim was a collateral attack on the MPUC'S ratemaking decisions in violation of Minn.Stat. § 237.26 (1986). The statute provides:

> If no appeal is taken from any order of the commission * * *, then in all litiga-

### III.

### *RICO.*

The trial court held that appellants' RICO claims were precluded by the federal judgment, which dismissed appellants' identical RICO claims for failure to state a claim upon which relief can be granted. The federal courts held appellants' had failed to allege a sufficient pattern of rack-

eteering activity. *H.J. Inc.,* 829 F.2d at 649–50; 648 F.Supp. at 423–26.

Res judicata has been defined as follows:

A judgment on the merits constitutes an absolute bar to a second action for the same cause of action, and is conclusive between parties and privies * * *.

*Mattsen v. Packman,* 358 N.W.2d 48, 49 (Minn.1984).

■ Generally, judgment of dismissal for failure to state a claim is a judgment on the merits. *See H. Christiansen & Sons, Inc. v. City of Duluth,* 225 Minn. 486, 492, 31 N.W.2d 277, 280 (1948); *accord Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981). Appellants argue the prior judgment was not on the merits because the dismissal was based on a formal pleading defect and they were not allowed to amend their complaint. Since appellants have alleged no additional facts or theories of relief, their argument rings hollow.

Appellants also argue their claim should not be precluded because the Eighth Circuit's pattern requirement is stricter than most circuits. This is not a basis for avoiding the bar of a final judgment on the merits. In light of our decision, we need not address the trial court's ruling that federal courts have exclusive jurisdiction over RICO claims.

## DECISION

Appellants do not have a cause of action for bribery under the common law or the criminal bribery statute. Their unjust enrichment claim is barred by Minn.Stat. § 237.26 as a collateral attack on a rate order. Their RICO claims are barred by res judicata.

Appellants request this court to remand if we find res judicata so that they can add new parties. They do not explain why this disposition is appropriate, and we find no reason to remand.

Affirmed.