Fort *vs.* West *et al.*

JAMES A. FORT, plaintiff in error, *vs.* JAMES P. WEST *et al.*, administrators, defendants in error.

1. That the defendant married the sister-in-law of the judge's wife, does not disqualify the latter from presiding.
2. Where suit is brought on a note given for the purchase money of land, a plea to the effect that the widow of the vendor claimed dower in the property sold which had not been set apart, and that the defendant would not be protected in paying said note as the title would be imperfect, was properly stricken on demurrer.
3. The defendant not residing in the county in which the suit was pending, it was not error to refuse his counsel time to procure his affidavit to an amended plea, as the oath of such attorney would have been sufficient.

Judge. Dower. Vendor and purchaser. Pleadings. Attorneys. Before Judge CLARK. Sumter Superior Court. April Term, 1874.

A report of this case is unnecessary.

ALLEN FORT; HAWKINS & HAWKINS, for plaintiff in error.

JACK BROWN; C. T. GOODE; COOK & CRISP, by brief, for defendants.

WARNER, Chief Justice.

1. This was an action brought by the plaintiffs against the defendant on a promissory note for $2,000 00. On the trial of the case, the defendant objected to Judge Clark's presiding, because he was related by affinity to the defendant within the fourth degree. It appears from the record, that the defendant married the widow of A. W. Williams, who was the brother of Judge Clark's wife, and that Williams died after Judge Clark's intermarriage with his sister. In our judgment, Judge Clark was not disqualified from presiding in the case, under the provisions of the 205th section of the Code: *Deupree vs. Deupree*, 45th *Georgia Reports*, 414; Hubback on Succession, 276; 12th Petersdorf's, Ab., 565.

2, 3. There was no error in sustaining the demurrer to the defendant's plea, or in refusing to give him time to make oath to his amended plea, as he lived in Stewart county.   By the 3449th section of the Code, when the defendant does not reside in the county in which the suit is pending, the agent or attorney at law of the defendant may make oath to his plea, which the defendant's attorney could have done in this case. From the facts disclosed in the record, we fear the defendant was more anxious to gain *time* than to obtain *justice*, but as damages have not been claimed, we do not award any.

Let the judgment of the court below be affirmed.