POULLAIN, administratrix, *vs.* PIGG.

Where the defendant to an action on contract has filed his plea, and, at the trial term, it becomse necessary to amend, his agent or attorney at law may make the necessary affidavit to the proposed amendment ·if he then resides out of the county.

Practice in the Superior Court. Attorney and client. Pleadings. Before Judge BARTLETT. Greene Superior Court. March Term, 1877.

Reported in the decision.

COLUMBUS HEARD by J. A. BILLUPS, for plaintiff in error.

M. W. LEWIS & SON, for defendant.

WARNER, Chief Justice.

It appears from the bill of exceptions in this case, that the defendant filed a plea to the plaintiff's action, which was demurred to as being insufficient in law as a defense thereto, and before the judgment of the court was rendered thereon, the defendant offered to amend said plea by inserting therein what the court seemed to think was lacking, and proposed to show that the defendant then resided out of the county, and was sick, when the court held, that no person but the defendant himself could make the necessary affidavit to the amended plea, and struck the original plea, and entered judgment for the plaintiff. Whereupon the defendant excepted.

The question made in this case is whether, when a defendant who has filed his plea in a civil case founded on contract under the provisions of the 3449 section of the Code, and afterwards resides out of the county, his agent or attorney at law can make the necessary affidavit to an amended plea.

In our judgment he may do so—the amended plea is as much within the reason and spirit of the statute as the ori-

ginal plea, especially when the original plea is so defective as to authorize the court to strike it.

Let the judgment of the court below be reversed.