## 2567.  SLAPPEY *v.* CHARLES.

1. In the foreclosure of a sawmill lien, a counter-affidavit by the defendant, which states that he owes the plaintiff no "sum whatever for which plaintiff has a lien," is, especially in the absence of special demurrer, adequate to raise the issue that the items claimed to have been furnished by the plaintiff to the defendant do not fall within the class as to which the law allows a lien.
2. No lien arises against a sawmill from furnishing to the owner of the mill standing timber, money, or family supplies.
3. Documentary evidence set out in the pleadings, or attached thereto as an exhibit, should not be included in the brief of the evidence otherwise than by reference.

Lien foreclosure; from city court of Sylvester—Judge Williamson.  February 21, 1910.

Submitted May 18,—Decided June 14, 1910.

*J. J. Forehand,* for plaintiff in error.

*Claude Payton, C. E. Hay,* contra.

POWELL, J.  Charles foreclosed an alleged lien for supplies furnished to Slappey's sawmill.  Attached to the affidavit of foreclosure is an account showing total charges of $935.77 and total credits of $534.51, leaving a balance due of $401.26.  The defendant filed a counter-affidavit, on the ground that he was "not indebted to the plaintiff in the sum claimed, nor in any sum whatever for which the plaintiff has a lien."  Some point is made as to the sufficiency of this affidavit as a basis for the defendant's contesting the existence of the lien; the defendant in error treats it as merely challenging the amount due.  We construe it as asserting first that Slappey did not owe Charles as much as the latter claims, and further, that while he may owe him some amount on open account or otherwise, he does not owe him any sum whatever for which the law gives a lien; and this we think put the existence of the lien in issue and placed upon the plaintiff the burden of showing that the items enumerated on his account fell within the class of articles for which the law allows a lien.

2.  The jury found in favor of the plaintiff for the full amount claimed.  The account confessedly included the price of standing timber, money, and household supplies for the family of the mill-owner.  The plaintiff made no effort to show what part of the account consisted of supplies furnished to the sawmill and what part fell within the classes just mentioned.  There is no law allowing

a sawmill lien for standing timber, for money, or for family supplies.    *Balkcom* v. *Empire Lumber Co., 91 Ga.* 651 (17 S. E. 1020, 44 Am. St. R. 58); *Giles* v. *Gano, 102 Ga.* 593 (27 S. E. 730); *Dart* v. *Mayhew, 60 Ga. 104*; *Loud* v. *Pritchett, 104 Ga.* 649 (3), 652 (30 S. E. 870); *Ray* v. *Schmidt, 7 Ga. App.* 380 (66 S. E. 1035).    The jury had no legitimate basis for calculation wherefrom they might have found any particular sum in the plaintiff's favor.    From an examination of the account itself it is easy to see that the plaintiff was not entitled to a lien for the full amount.

The justice of the defendant's paying the account, the moral obligation resting upon him to pay an honest debt, seems to have over-persuaded the jury; and if this were a suit on account, instead of a lien foreclosure, we would take great pleasure in sustaining their verdict, based as it seems to be on so commendable a sentiment. · However, the plaintiff was not entitled to the lien he claimed.    He may still sue on his open account, in a common-law action.

3.    The defendant in error, in his brief, makes some point as to the fact that in the brief of evidence there is a statement that the account, "thereto attached, marked exhibit A," was introduced in evidence, and that no account or exhibit was in fact attached.    He argues that the brief of evidence is therefore not to be considered at all.    It is plain, however, that the account referred to is the account sued on, and as it is attached to the affidavit of foreclosure in the record, it would have been improper to have set it out again in the brief of evidence—either in the body of the brief or in an exhibit.                                *Judgment reversed.*