### 4038. MISENHEIMER *v.* GAINEY.

1. Where an amendment to a plea or answer is offered after the time allowed for answer has expired, the verification presented by § 5640 of the Civil Code (1910) must be made by the defendant in person, and can not be made by his attorney.

2. Testimony not relevant to the issues made by the pleadings is not admissible as evidence.

3. The counter-affidavit did not call in question the legality of the lien as claimed in the affidavit for foreclosure, and, the amendment offered for that purpose having been properly rejected, the testimony tending to prove that the plaintiff was not entitled to the lien was properly excluded, and the court did not err in refusing to dismiss the foreclosure proceeding on the ground that the plaintiff was not entitled to the statutory lien as claimed.

DECIDED JULY 23, 1912. REHEARING DENIED SEPTEMBER 27, 1912.

Affidavit of illegality; from city court of Bainbridge—Judge
Harrell. February 5, 1912.

This was a proceeding to foreclose a lien on a sawmill and on
lumber for logs furnished the mill, under section 3358 of the Civil
Code (1910). The defendant, through his agent, filed a counter-
affidavit, alleging: (1) He was not indebted to the plaintiff in the
sum sued for. (2) He admitted an indebtedness of $40 and tend-
ered this amount, but denied any indebtedness in excess of this
sum, contending that the balance sued for was not yet due. (3)
No demand for payment of the debt was ever made upon him as
required by law. (4) He denied that the plaintiff had "faithfully
performed and completed her contract as required by law." (5)
"At the time that said lien was foreclosed the amount sued for was
not yet due and the plaintiff was not entitled to the same." On
the hearing the defendant sought to amend the counter-affidavit by
alleging that the plaintiff was "not entitled to any lien whatever
under the laws of Georgia." This amendment was verified by the
defendant's attorney at law. The court refused to allow the amend-
ment, and the refusal is assigned as error. The case proceeded to
trial, and the plaintiff, by her agent, proved that she sold to the
defendant, who was operating the sawmill in question, the logs
described in the affidavit of foreclosure. On cross-examination
this witness testified, that at the time the timber was sold to the
defendant it was standing upon the land and had not been cut,
but that it was cut and removed after the contract was made; that
the plaintiff did not cut and deliver any of the timber, but that all
of it was cut by the defendant and hauled by him to his sawmill.

The defendant offered in evidence the contract for the sale of the
timber, but it was excluded, on objection made by the plaintiff, on
the ground that there was no plea which made the contract material
or relevant evidence. The court also, at the instance of the plain-
tiff excluded from evidence the testimony of the defendant that
there were no logs or cut timber sold, but that it was all growing
at the time of the contract and was subsequently cut and hauled
to the mill by the defendant; this testimony being objected to on
the ground that there was no plea that made it relevant or material
evidence. The defendant, at the conclusion of the plaintiff's evi-
dence, made a motion to dismiss the levy, on the ground that the
plaintiff was not entitled to any lien under the statute, in that the

evidence disclosed the fact that the timber was growing at the time the contract was made, and was not personalty, but was a part of the realty. The motion was overruled, and this ruling is assigned as error.

*John R. Wilson*, for plaintiff in error.

*E. S. Longley, Russell & Custer*, contra.

HILL, C. J. (After stating the foregoing facts.)

1. The first question to be decided is whether the court erred in refusing to allow the amendment to the plea, as verified by the defendant's attorney at law. The general rule is that attorneys are not authorized to make affidavits required to be made by the parties, unless specially permitted by law. Civil Code (1910), § 4955. Section 3366, paragraph 6, relating to the foreclosure of liens on personal property, declares: "If the person defendant in such execution, or any creditor of such defendant, contests the amount or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes." Section 5310 provides that the affidavit of illegality may be filed by an attorney in fact; but an attorney in fact is not necessarily an attorney at law. And section 5640, relating to the verification of an amendment to an answer or plea, is as follows: "The defendant, after the time allowed for answer has expired, shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or answer containing the new matter he shall attach an affidavit that at the time of filing the original plea or answer he did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay," etc. It would seem from this section of the code that the counter-affidavit to the foreclosure of the lien is required to be made by the defendant in person. In this case, however, no objection seems to have been made to the original counter-affidavit which was made by the agent of the plaintiff, but the objection was interposed and sustained as to the amendment verified by the defendant's attorney at law, which brought into question the validity of the lien claim; and this section of the code explicitly declares that the verification of the

amended plea or answer, after the time allowed for plea or answer has expired, must be made by the defendant. The "defendant" must make affidavit that the matter of defense set up in the amendment was not omitted from the original answer or plea for the purpose of delay; in other words, that he, as the defendant, did not omit these facts in the original plea for the purpose of delay. It would seem to be immaterial whether they had been omitted from the original plea by the attorney representing the defendant.

The attorney for the plaintiff in error relies upon section 5642 of the Civil Code, in support of his position that the amended plea was sufficiently verified by the attorney. This section provides as follows: "In all civil cases founded on unconditional contracts in writing, where there is an issuable defense, and where the defendant does not reside in the county in which the suit is pending, it shall and may be lawful for the agent or attorney at law of such defendant to make oath to the plea, and the same shall be as good and sufficient as if made by the defendant himself." It will be seen that the authority given by this section is confined to unconditional contracts in writing where there is an issuable defense, and where the defendant does not reside in the county in which the suit is pending. The amendment to the plea offered in the present case alleged that the defendant did not reside in the county, but was beyond the jurisdiction of the court. Manifestly a statutory lien for furnishing logs for a sawmill is not within the class of unconditional contracts in writing referred to, and this section of the code has no application to the present case. The cases of *Fort* v. *West,* 53 *Ga.* 584, and *Poullain* v. *Pigg,* 60 *Ga.* 263, cited by counsel for plaintiff in error, where an amendment to the original plea was verified by the attorney at law, were suits on unconditional contracts in writing and squarely within the provisions of the statute embodied in section 5642. In view of the fact that section 3366, paragraph 3, allows an attorney for the plaintiff to make the affidavit foreclosing a lien claim, we do not see any substantial reason why a similar right relating to counter-affidavits should not be granted to the defendant, but the law is explicit that the defendant shall make the counter-affidavit, and also that the amendment to the answer or plea, filed after the time for making a defense, shall be verified by the affidavit of the defendant in person. We therefore conclude that the trial judge committed no error in

refusing to allow the amendment to the counter-affidavit or answer of the defendant which was verified by his attorney at law.·

2, 3.　It is next insisted by the plaintiff in error that the original counter-affidavit was sufficient to traverse each and every fact contained in the affidavit of foreclosure, especially in view of the fact that there was no special or general demurrer filed to the counter-affidavit.　In *Slappey* v. *Charles, 7 Ga. App.* 796 (68 S. E. 308), this court held that a counter-affidavit stating that the defendant was "not indebted to the plaintiff in the sum claimed, nor in any sum whatever for which the plaintiff has a lien," in the absence of a special demurrer, was sufficient to raise an issue that the items claimed to have been furnished by the plaintiff to the defendant did not fall within the class as to which the law allows a lien.　A comparison of the counter-affidavit in the present case with the one filed in the *Slappey* case shows a marked difference in the allegations of the two affidavits.　In the *Slappey* case there was an express denial of the plaintiff's right to the lien· claimed; in the present case the counter-affidavit contained no denial of the right to the lien claimed, but simply a denial of the allegation that the defendant was indebted to the plaintiff in the sum sued for.　It was admitted that the defendant did owe the sum of $40, but it was alleged that the balance claimed in the affidavit was not yet due, that no demand had ever been made upon defendant 'for payment, and that the plaintiff had not performed or completed her contract, and that for this reason the plaintiff was not entitled to recover the amount claimed by the foreclosure proceeding.　But the counter-affidavit which constitutes the answer nowhere denies the right to the lien claimed.　It follows, therefore, that, no denial of this right having been contained in the original counter-affidavit or plea, and the amendment to the original plea having been disallowed because of improper verification, the question of the plaintiff's right under the statute was not in issue at all, and the trial court did not err in excluding the testimony going to show that the plaintiff was not entitled to a lien because there were no logs furnished to the sawmill, but the contract of sale was for growing timber attached to the realty, upon which there was no lien.　It is true that the testimony of the plaintiff's witness, on cross-examination, disclosed this fact, but, since there was no issue under the plea which made this testimony relevant or material, the defendant

33

could not take advantage of it. Evidence is never admissible unless relevant or material to the issues made by the pleadings. While the contention of plaintiff in error, that under the statute of this State no lien is given for growing timber, which is a part of the realty, is in conformity with the repeated rulings of this court and of the Supreme Court, yet, since this question was not put in issue by the pleadings, the court did not err in refusing to dismiss the foreclosure proceedings on this ground. *Judgment affirmed.*