34613.   ATLANTIC COAST LINE RAILROAD COMPANY
*v.* SELLARS.

294

Decided December 2, 1953.

*Peacock, Perry & Kelley, Jesse W. Walters,* for plaintiff in error.

*Custer & Kirbo,* contra.

QUILLIAN, J. ■ Special ground 1 of the motion for new trial complains because the court overruled an objection by the defendant's counsel to certain testimony of the plaintiff relative to the value of the growing timber and crops sued for. The following question was propounded to the plaintiff: "When you speak of the value of your trees, you don't mean to take those little pine trees and sell the—you are speaking of the value they are to your place?" To this question the plaintiff replied: "Yes, sir, what they will be worth in a few years." The defendant objected to this testimony in the following language: "I object to the testimony by the witness stating that the value on the projecting growth of these trees. The law is very clear that such is not the measure of damages, and I object to the question and answer on that ground."

This ground of the motion cannot, under any view of the case, be said to show harmful error. The plaintiff had previously testified as to the value he placed on the growing pine trees, the Bermuda grass pasture, and the pear trees, which were alleged to have been destroyed by the fire. This question and answer on cross-examination by counsel for the defendant, if it showed anything, showed merely that such previous testimony of the plaintiff as to those values was based on the plaintiff's estimate of the value such things would have had in the future. The admission of this statement by the witness was not erroneous for any reason assigned. Counsel did not object to or move to strike out the previous testimony of the plaintiff relating to the damages he sustained on the ground that this latter testimony showed that such testimony as to value was based upon an erroneous theory, but merely moved the court to strike the statement of the plaintiff that he based his statement of the value of the things destroyed by the fire on what they would be worth in a few years. The court thereafter charged the jury in the following language: "Gentlemen, the plaintiff in this case seeks to recover for the loss of 2,000 young pine trees and 18 pear trees, which he alleges were destroyed by the fire. Listen carefully to this. If you find by a preponderance of the evidence that the plaintiff has shown that the defendant was negligent and is entitled to recover, then the measure of damages to the young pine and pear trees destroyed would be the value of the trees de-

stroyed in its then state as attached to the land on which it grew, which value is to be ascertained by evidence as to what the owner of the premises could, under all the circumstances, have realized from the timber destroyed or by appropriating it to use himself, to the extent of any demand for it there might be or his own wants at and about the time of the fire, and by selling to others to the extent of any demand for it which then existed; the value to be reckoned is the worth of the timber as it stood upon the land when it was destroyed, not computing anything additional thereto for the increase which would have resulted from severing it from the realty, removing to the place of use or sale, and putting it in condition to be used or sold. . . . The measure of damages for burning of 20 acres of improved pasture land planted in Coastal Bermuda and 20 acres of unimproved pasture land would be to the extent that the owner could have used or disposed of the pasture grass to supply any demand then existing or near at hand, the measure being the value of the raw material as it lay and grew on the ground, not including the quantity to be paid for any of the material which could not have been used or sold to supply the demand then existing or which arose soon thereafter. I charge you, gentlemen, that the measure of damages as contended by the plaintiff would be the value of the land upon which the improved pasture was before the loss of the pasture or destruction of it, and the value of the premises after the destruction, is the measure of damages to which he contends they are entitled."

With the evidence in the record and this instruction fresh in their minds, the jury could hardly have concluded otherwise than that the plaintiff's estimate of his damages was incorrect insofar as it took into account any accrual of value due to future growth, etc., under the rules of law, and that they would have to adjust their finding as to the damages suffered by the plaintiff in conformity with the instructions given them by the court. This ground of the motion does not show harmful or reversible error.

■ Sepcial ground 2 complains because the court permitted one of the defendant's witnesses to testify on cross-examination relative to the number of Diesel engines the defendant had placed in service in the last two years, and that a Diesel engine had been

placed on the particular line and run involved in this case. Counsel for the defendant objected to this testimony in the following language: "I object to this line of testimony as being irrelevant and immaterial, on the ground that the true rule is that the railroad must equip its engines with ash pans generally in use, for the best in use for that type locomotive, and whether or not the engine is 100 years old and whether they have Diesels, is irrelevant and immaterial; the question being whether or not this ash pan was the best in general use on that type locomotive on this occasion; and I ask Your Honor to strike it from the testimony, in reference to old or new engines."

This evidence was not relevant to, nor did it tend to prove, any issue in this case. The sole question before the jury was whether the defendant had negligently caused or permitted fire to spread from its right-of-way to the adjoining lands of the plaintiff. In connection with this ultimate issue, it was competent for the defendant to show that its engine was equipped with the latest and best ash pans and spark arresters in general use, and it was competent for the plaintiff to rebut any such evidence by a proper showing that the engine was not so equipped. However, evidence that the defendant, subsequently to this damage complained of, had replaced the engine involved with a newer or later model or one of a different design was totally incompetent to illustrate such an issue. If the evidence tended to prove any fact in any way relevant to this case, it was that the defendant, in making this change in its equipment, admitted that the engine, being operated on the occasion when the damage complained of was caused, was deficient in some one or more of the ways contended by the plaintiff. This evidence was not admissible to show such an admission by the defendant, and was not relevant or admissible to show any other fact. The evidence attacked by this ground of the motion directly falls within the range of the rule prohibiting the admission of evidence of precautions taken by the defendant after the accident complained of by the plaintiff. Though such evidence was formerly admissible in Georgia, cases so holding were expressly overruled by the Supreme Court in *Georgia Southern &c. Ry. Co.* v. *Cartledge*, 116 *Ga.* 164 (1) (42 S. E. 405), and this has been ever since uniformly followed in this State. See the numerous Geor-

gia cases cited in the annotation in 170 A. L. R. 7, 11. As was said by the annotator there (at p. 9): "The general rule that evidence of a change in conditions or proof of repairs made after an injury is never admissible as proof of negligence of the defendant in not having made the repairs or taken precautions prior to the accident is recognized in most jurisdictions." The reasons for this rule as compiled and stated by the same annotator appeal to us as logical and salutary: "Professor Wigmore in 2 Wigmore on Evidence, 3d ed. § 283, points out that the evidence of subsequent repairs or the like should be excluded on the ground that the supposed inference from the act of repair or improvement is not the plain and most probable one and that the case for exclusion is strengthened by the added consideration of policy, since it would discourage owners from improving the place or thing that had caused the injury if evidence of repairs or improvements was admitted. . . The reason most frequently given for excluding evidence of repairs made or precautions taken after an accident is that if such precautions could be offered as evidence of improper conditions at the time of the accident or of earlier negligence, no one would make improvements after an accident. . . Another argument in support of the rule is that evidence of subsequent conditions, changes, or repairs brings collateral matters into the case. . . Many decisions emphasize, in excluding evidence of subsequent repairs or precautions taken after an accident, that to admit such evidence would amount to an admission or confession of negligence on the part of the defendant." Annotations, 170 A. L. R. 21, 25, 27.

The trial court erred in admitting the evidence as complained of in the second special ground of the motion.

■ Special ground 3 complains of the failure of the court to sustain a motion to strike certain evidence introduced by the plaintiff as to burning waste found along the defendant's right-of-way, and as to a hot box on the train of the defendant, on the ground that the introduction of such evidence was not authorized under the pleadings. It appears from this ground that, when the motion to strike the evidence was made by counsel for the defendant, counsel for the plaintiff offered to amend "as soon as we can write it out," and that no affirmative ruling was then

or later made by the court on the motion to strike this evidence, and that counsel for the defendant did not thereafter urge the motion to strike.

The failure of the trial court to rule on this motion to strike was tantamount to overruling the same, and it was not incumbent upon the defendant to insist thereafter upon a ruling on the motion. There was no averment in the petition relating to a hot box or to burning waste material, and the trial court should have stricken the testimony relative to those matters. The defendant is entitled to notice from the plaintiff's pleading as to what the plaintiff intends to prove on the trial, and is entitled to have excluded from the trial all testimony relating to matters or issues not made by the plaintiff's petition. *Peagler* v. *Davis*, 143 *Ga.* 11 (5) (84 S. E. 59); *Misenheimer* v. *Gainey*, 11 *Ga. App.* 509 (2) (75 S. E. 844); *Shiver* v. *Burkett*, 74 *Ga. App.* 195 (4) (39 S. E. 2d 431). It follows that the trial court erred in overruling the third special ground of the motion for new trial.

■ Special ground 4 complains of the portion of the charge of the court respecting the credibility of the witnesses, on the ground that the court did not therein or elsewhere in the charge instruct the jury that "it may also consider the number of witnesses, although the *preponderance* is not necessarily with the greater number." (Italics ours.) Assuming that this ground of the motion is sufficient otherwise, it is apparent that the wording which it is contended should have been used in this connection is not appropriate to a charge on the credibility of the witnesses. The portion of the charge given by the court and set out in this ground of the motion is clearly intended to be an instruction on the *credibility* of the witnesses only, though its wording is substantially like the wording of Code § 38-107 respecting the determination of where the preponderance of the evidence lies, except that, where the words "preponderance of the evidence" appear in the Code section, the court used the words "credibility of the witnesses." It was not error for the court to omit to charge without request on the subject of the preponderance of the evidence. *Campbell* v. *Dysard Construction Co.*, 40 *Ga. App.* 328 (4) (149 S. E. 713). See, in this connection, *Martin* v. *Waltman*, 82 *Ga. App.* 375 (3), 380 (61 S. E. 2d 214).

■ Special ground 5 assigns error on the failure of the court

to instruct the jury, in accordance with one of defendant's requests, that "I instruct you that there is no law or statute in this State which requires a railroad company to keep its right-of-way clear and free of bark." In this connection the court charged the major portion of a requested instruction, which included the instruction quoted, but omitted to instruct the jury in this particular.

The omission of this portion of the instruction was not erroneous for any of the reasons assigned. In this connection the trial judge instructed the jury in substance that the plaintiff's right to recover was based on his proving one or more of the acts of negligence alleged, and that, unless the jury found that the defendant was negligent in one or more of the ways alleged, the verdict should be for the defendant. The petition was clearly based on negligence and not on a violation of any law on the part of the defendant. There was no allegation in the petition that the defendant was guilty of negligence per se, and for the court to have so instructed the jury would have injected into the case issues not raised by the pleadings or the evidence. For these reasons the trial judge did not commit error in omitting to charge as complained of in this ground.

The general grounds of the motion for new trial are not considered, inasmuch as the case may be tried again and the evidence on another trial may not be the same.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*