J. S. Schofield & Son, plaintiffs in error, *vs.* Stout, Mills & Temple, defendants in error.

Machinists, and manufacturers of machinery, have no lien on real estate for machinery furnished, unless the machinery furnished is attached to, and becomes incorporated with, the realty for which it was furnished. If boxed up and never used about the mill, a judgment lien of older date than the judgment of the manufacturer or machinist, though younger than the record of the asserted lien, will be superior to such lien on the realty, and will take the money for which the realty sold.

Machinists' lien. Fixtures. Judgments. Before Judge Gibson. Richmond Superior Court. April Term, 1877.

Reported in the opinion.

Frank H. Miller, for plaintiffs in error.

Hook & Webb, for defendants.

JACKSON, Judge.

Schofield & Son obtained a judgment October 4, 1875, against Robert Schley. An appeal in *forma pauperis* was entered, and another judgment, on appeal, was rendered April 24th, 1876. From this judgment execution was issued, and levied upon real estate in possession of defendant, on which there was a mill. This property was sold, subject to a mortgage, and brought some seven hundred dollars. The money was claimed by Wm. Schley, assignee of Stout, Mills & Temple, who obtained a judgment in October, 1876, based, as was claimed, on a lien which they claimed on the property, of date 16th of August, 1875.

The proof, on the issue upon the rule, was that the machinery furnished by Stout, Mills & Temple, was never attached to the realty—never affixed at all, or used in the mill, but boxed up therein. The lien recorded was on the realty, including, of course, the mill, as well as on this machinery furnished. The court, which, by consent, acted as judge and jury, ruled that it would hold up the money until the lien was exhausted upon the machinery, before it would allow the judgment of Stout, Mills & Temple to take the proceeds of the realty. To this judgment Schofield & Son excepted, claiming that there was no lien, or valid judgment for a lien, on the realty, and that they were entitled to the money, irrespective of the claim of lien and of the fate of the machinery so boxed up.

So that the question is, did Stout, Mills & Temple have a lien on the realty—the machinery never being attached to or used in the mill?

We are clear that they never had any lien on the real estate. The question turns on the construction of section 1979 of the Code. That section, among other things, declares that "all contractors for building factories, furnishing material for the same, or furnishing machinery for the same; and all machinists, and manufacturers of machinery, including corporations engaged in such business, who may

furnish or put up in any county of this state, any steam-mill, or other machinery, or who may repair the same, and all contractors to build railroads, shall each have a special lien on such real estate, factories and railroads." The act of 1873, (Laws of 1873, p. 44,) from which the above section is codified, is substantially the same.

Evidently it was the intention of the statute, that when the machinery, or if the machinery, entered into the realty and enhanced its value, *then* the lien should operate as well on the realty, thus benefited and enhanced in value, as on the machinery furnished, and that whoever furnished the machinery so used, or put it up, if he did not furnish it, should have a lien.

The machinist who worked to put it on the mill, and attach it thereto, and the manufacturer who furnished it, *if so put into the mill,* each or either would have a lien on the realty so enhanced in value, and any machinist who repaired it after it went into and was incorporated with the mill, should also have a lien on the whole of the property; but if the machinery never was used about the mill—never added a dime to its value—it is difficult to see upon what reason a lien could attach upon what it never benefited at all, or why another man, whose labor entered into the realty, or whose material actually increased its value, or who had a valid subsisting judgment or other lien on the realty, should be postponed in favor of a seller who could attach the material actually furnished, or recover and reclaim it perhaps, and which had never done the slightest good to, or increased at all the value of, the mill and the land. We have no idea that the legislature meant anything of the sort; but that they meant that if the work on property of any machinist enhanced, or had a chance by being attached to it to enhance, the value of the realty, then, as it could not be detached from it and sold, and as it was in the realty, part of it, the lien should attach to the property with which it was intermingled and which it had benefited.

34

This ruling disposes of this case, and makes it unnecessary to determine any other question made.

It may be well, however, to add that whenever, on account of no issuable defense being filed on oath, the judge awards judgment without a jury, it would be more accurate that the judgment so awarded should contain all that the verdict, of which it is a substitute, should show; and in this view this judgment, while perhaps amendable, should have set out the lien. See Code, §1990, sub-section 2. But the former view of the case controls it, and we reverse the judgment because the court erred in not directing that the money be paid to Schofield & Son.

Judgment reversed.