## HAWKINS *v.* CHAMBLISS.

116　813
Case 2
120　615
120　617
|116　813
| Case 2
125　443

The proprietor of a sawmill who institutes a proceeding to foreclose his lien on material furnished by another can not, upon a failure to prove a substantial compliance with his contract, recover a verdict in that proceeding for the value of his services, even though it appears that the defendant has received the product of the mill.

Argued November 24,—Decided December 13, 1902.

Foreclosure of lien.　Before Judge Crisp.　City court of Americus.　July 5, 1902.

*Hall & Wimberly* and *Shipp & Sheppard,* for plaintiff in error.
*J. H. Lumpkin,* contra.

COBB, J.　Chambliss instituted a proceeding against Hawkins to foreclose his lien, as the proprietor of a sawmill, on material furnished by the defendant.　The defendant filed a counter-affidavit contesting the existence of the lien.　At the trial the evidence was conflicting as to whether plaintiff had complied with his contract. The court charged the jury that if they believed that the plaintiff had substantially complied with his contract, they would be authorized to find in his favor setting up the lien claimed, instructing

them, if they should so find, to add to their verdict the words, "and we find in favor of his lien." The court also instructed the jury that if the plaintiff had not complied with all the conditions of his contract, but that if he had sawed the lumber and the defendant had received the same, he would be entitled to compensation, and that he would be entitled to recover the value of his work; also charging that if their finding should be for the plaintiff on this line, their verdict should simply be in his favor for a given sum of money. The verdict was in favor of the plaintiff for a given sum as principal, less than the amount claimed in the affidavit, and another sum as interest. Error is assigned upon the charge last referred to.

The lien laws are in derogation of common law and are to be strictly construed. One who claims a lien must bring himself clearly within the law. The proprietor of a sawmill who makes a contract to saw the lumber of another, and substantially complies with his contract, is entitled to a lien, but not otherwise. See Civil Code, §§ 2807, 2816 (3); *Murphey* v. *McGough*, 105 *Ga.* 816. A proceeding instituted to foreclose a lien of this character must fail altogether if the facts necessary to constitute a lien are not shown at the trial. The only issue in such a case is lien or no lien. There can be no lawful finding on any other issue. The verdict shows that the jury did not find in favor of a lien. If it had not been for the erroneous instruction of the judge, the finding would have been for the defendant. The plaintiff may be entitled to recover for his services, but not in this proceeding, unless he shows that he has substantially complied with his contract.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*