## 9078. HOWELL v. CORDRAY.

JENKINS, J. 1. Under the Civil Code (1910), § 3352, a person furnishing material for the improvement of real estate is entitled to a special lien on the premises so improved; and when, at the time the material is furnished, the owner represents to the seller that the material contracted for is intended to be used in the improvement of certain property, and the seller, relying upon that statement, actually and in good faith furnishes it for the purpose stated, the owner will be estopped by his representation; and, as between the parties themselves, it is no defense to a proceeding seeking to set up the special claim on the property that some of the materials thus furnished the owner were not in fact so used and applied.

2. The judgment of the court below entering up general judgment in favor of plaintiff is affirmed, with direction that $1.32 be written off from the amount thereof; and the judgment establishing a special lien in favor of plaintiff on the premises described in the petition is affirmed, with direction that the lien be discharged in the amount of $14.85, so that it shall be enforceable only in and for the amount remaining after such a reduction from the amount of the original recovery. *Rome Hotel Co.* v. *Warlick*, 87 *Ga.* 34 (13 S. E. 116).

*Judgment affirmed, with direction.* *Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 11, 1918.

Lien foreclosure; from city court of Blakely—Judge Sheffield. July 16, 1917.

Cordray sued Howell on open account, asking a general judgment in the sum of $258.17, and that a special materialman's lien be established in his favor on described realty; alleging that for the construction of a certain house located thereon the material shown by the bill of particulars had been furnished and used. In accordance with the verdict a general judgment was entered in favor of plaintiff in the amount sued for, and the special lien as prayed for was set up and established. The account appears to have been proved, except an undisputed overcharge of $1.32 on an item of "2 pair sash," charged in the bill of particulars at $10. The plaintiff testified that the defendant told him that he (the defendant) was getting all the materials included in the account for the purpose of using them in the construction of the house referred to above, and that while he was unable to swear that it was thus used, to the best of his judgment it all actually did go into the construction of that house. The defendant, by his plea, denied the allegations of the petition with reference to the use of the materials furnished, and in his testimony disputed the statement attributed to him by the plaintiff. According to his testi-

mony he was unable to state just what part of the material included in the suit was actually used in the construction of the building referred to, or how much was otherwise used or disposed of by sale. It does, however, appear both from the evidence of the defendant and from the testimony of a witness for the plaintiff, who was his bookkeeper at the time of the transactions, that one window, $2, one transom, $1, one door, $1.85, and the two pair of sashes charged at $10 were specifically purchased by the defendant for use in another building, that they were so furnished by the plaintiff through this witness; and it appears that they did not go into the construction of the building upon which the special lien was sought. The defendant further showed that certain rooms of this building had remained either wholly or partly unceiled, and he undertook to prove by a carpenter's method of calculation that the amount of flooring and ceiling included in the bill could not have been used in the structure as it thus stood when completed.

B. R. Collins, for plaintiff in error.   Glessner & Park, contra.