*M. C. Few,* for plaintiff. *R. C. Jenkins,* for defendant.

---

### 11532. BUTLER *v.* MILAM *et al.*

STEPHENS, J. 1. "Where the statute of frauds was not pleaded, and there was no demurrer, motion for nonsuit, or objection to testimony, so as to invoke a ruling in the court below on that subject, this court will not grant a new trial on the ground that the verdict is contrary to law because it appears that the contract sought to be enforced should have been in writing." *Johnson* v. *Latimer,* 71 *Ga.* 470 (3).

2 This being a suit for damages against the owner for the breach of a contract for the sale of land, and the evidence authorizing the inference that the contract was made with the plaintiffs alone, and not with the plaintiffs and a third party as contended by the defendant, the verdict is not contrary to law and without evidence to support it, upon the ground that the plaintiffs have not proved their case as laid. A contract for the sale of land may provide that the grantees in this deed shall include a party not a party to the contract of sale.

3. An agreement by the plaintiffs to sell the land to a third party at a profit above the contract price, but less than the legal measure of damages for the defendant's breach of the contract of sale, will not preclude the plaintiffs from recovering against the defendant the full measure of damages.

4. It not appearing that the writ of error was sued out for delay only, the motion for damages against the plaintiff in error is denied.

5. The evidence authorized the verdict for the plaintiffs, and the judge did not err in overruling the defendant's motion for a new trial.

         *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

         DECIDED JANUARY 20, 1921.

Action on contract; from city court of LaGrange — Judge Duke Davis. April 14, 1920.

*E. T. Moon,* for plaintiff in error.

*Hatton Lovejoy, Henry Reeves,* contra.