. 13895.  FEW *v.* ADAMS *et al.*

JENKINS, P. J. This is a suit by a firm of mechanics and materialmen against both the owner of real estate and the holder of security deeds thereon, to recover the cost of materials furnished. While the petition indicates that one of the purposes of the proceeding was to establish a materialman's special lien against the property improved, and the proceeding is so treated in the briefs of counsel, the averments support and the petition prays for a general judgment against each of the defendants, as well as the setting up of a special lien against the property. The petition not only avers that the holder of the security deeds agreed to the contract made with the plaintiffs by the holder of the equitable title, but it goes further to show that the holder of the security deeds actually bound himself for the payment of the improvements. The jury rendered a general verdict against each of the defendants, upon which judgment was entered, but omitted to find in favor of the special lien prayed for. The owner of the equitable title made no appearance at the trial. The holder of the security deeds, by his plea and by the evidence offered in his behalf, denied that he had agreed to pay the cost of the improvements, but the evidence upon this issue was conflicting. The holder of the security deeds alone presents exceptions to the overruling of his motion for a new trial. *Held*:

1. The jury having omitted to find in favor of the special lien prayed, and only a general judgment having been rendered against the defendants, questions presented by the exceptions as to the validity and timeliness of the recorded claim of lien, and as to whether the lien could be asserted before completion of the work under the facts alleged as justifying its abandonment, to wit, the failure by the defendant to advance money to pay for the materials as required by . the alleged contract, are therefore not involved.

2. The general verdict against the defendant was authorized by the pleadings. It was also authorized by the evidence, although the testimony upon the issue as to whether this defendant had obligated himself for the payment of the improvements was in conflict. The evidence to the effect that a partial payment made by the holder of the security deeds to the plaintiffs, to be applied on particular fixtures, had without his authority been applied to another portion of the same indebtedness for other materials and work upon the same real estate, such payment, however, being credited on the defendant's total indebtedness, would not defeat the recovery. The petition having set up facts showing personal liability of the defendant, and the general judgment against him having been prayed for, this case is distinguishable from *Muller* v. *State Asso.*, 143 *Ga.* 840, 841 (85 S. E. 1018), and *Hawkins* v. *Chambliss*, 116 *Ga.* 813 (43 S. E. 55), in which cases the proceeding was merely to foreclose the special lien, without any prayer for a general judgment or any allegations which would support the same.

3. The contention made in the brief for the defendant in the court below, that his alleged promise to pay the indebtedness arising under

the original contract as made by the holder of the equitable title is unenforceable  because not in writing, cannot be urged. " The right to defend against a contract on the ground that it was within the statute of frauds and was not in writing is one of personal privilege, and unless the record discloses that this defense was raised in the trial court, it cannot be insisted upon in this court." *Shierling* v. *Richland Grocery Co.,* 9 *Ga. App.* 271 (70 S. E. 1126).

<i>Judgment affirmed. Stephens and Bell, JJ., concur.</i>

DECIDED APRIL 14, 1923.

Complaint; from city court of Madison — Judge Lambert. July 8, 1922.

*Q. L. Williford,* for plaintiff in error.  *M. C. Few,* contra.

<i>Judgment affirmed. Stephens and Bell, JJ., concur.</i>

