### 36654.   VINCENT *v.* GARMON.

. Decided April 25, 1957.

*Thomas E. Moran,* for plaintiff in error.

Nichols, J. For this court to have jurisdiction of a case from the Civil Court of Fulton County involving less than $300 the appeal must be taken from the judgment of the appellate division of such court, while in cases involving more than $300 the appeal must be made direct to this court from the Trial Division of the Civil Court of Fulton County. See in this connection, *General Assurance Corp.* v. *Roberts,* 92 *Ga. App.* 834 (90 S. E. 2d 70), and citations.

As a general rule in proceedings involving the foreclosure of mechanic's liens the issue is made by the pleadings seeking foreclosure and the counter-affidavit filed by the defendant. See *Kennedy* v. *Miller,* 179 *Ga.* 234 (175 S. E. 588). However, in the present case we have a different situation, for the property had been sold at the time the counter-affidavit was filed. Ordinarily, as shown by the case of *Kennedy* v. *Miller,* supra, the counter-affidavit filed in the present case would have been too late and the issue would have been settled as to the right of the lienholder to have the property sold, but in the present case where the defendant was in the United States Army at the time of the sale, and where the lienholder was required to put up a bond in twice the amount of the purported market value of the automobile before it was sold, and where the defendant, under the Soldiers' and Sailors' Civil Relief Act (50 App. U.S.C.A. § 520 (4)), was entitled to have the judgment opened, and did have the judgment opened, within ninety days after his discharge, the affidavit was properly filed and the issue to be tried was not whether the plaintiff was entitled to have the property sold at some future date, but on the contrary the issue was whether the automobile had been properly sold. If this question was properly answered in the affirmative then, since the proceeding was no longer merely dealing with the property, the plaintiff was entitled to a judgment against the defendant for the difference between the amount due for the repairs and the amount which the automobile brought when sold. However, if this question was answered in the negative, then the defendant was entitled to a judgment against the plaintiff on his bond for the value of the automobile which had been sold under the foreclosure proceedings while the defendant was in the United States Army.

644

The defendant alleged in his pleadings that the value of the automobile was $700 at the time of the sale, and, if under proper evidence he had prevailed, he would have been entitled to a judgment up to this amount as the value of his automobile.

Accordingly, since the amount involved exceeded $300 the appeal should have been directly to this court, and not to the Appellate Division of the Civil Court of Fulton County. As was said in *Gavant* v. *Berger*, 53 *Ga. App.* 304 (185 S. E. 726), "The Court of Appeals has no jurisdiction to review by bill of exceptions a judgment of the appellate division of the municipal court of Atlanta, [now Civil Court of Fulton County], in a case where the amount in controversy is $300 or more, exclusive of interest, attorney's fees, and costs. *Gavant* v. *Berger*, 182 *Ga.* 277 (185 S. E. 506), answering certified questions propounded in this case." Therefore, inasmuch as this court is without jurisdiction of the writ of error, it must be

*Dismissed. Felton, C. J., and Quillian, J., concur.*