36918. ROSS & ROSS AUCTIONEERS, INC. *v.* TESTA.

Decided January 8, 1958.

*Ginsberg & Haskins, Sidney Haskins,* for plaintiff in error.
*MacDougald, Feagin & Williams, John E. Feagin,* contra.

FELTON, Chief Judge. ■ ■ The evidence authorized the verdict. The plaintiff testified that the contract between the defendant and him was for a salary of $100 per week plus expenses plus twenty-five percent of the gross profits accruing to the defendant out of sales handled by the plaintiff. The defend-

ant's witnesses testified that the employment contract only provided for a salary of $100 a week plus expenses and did not provide for any percentage of the gross profits as contended by the plaintiff. The trial court was authorized to believe the plaintiff in preference to the defendant's witnesses and to find that his testimony revealed the true contract between the parties.

The defendant introduced in evidence a letter from the defendant's accounting department in which was contained the following statement: "Mr. Ross advised me that your employment with our firm started as of July 7, 1954, and that you are to receive a salary of $100 per week. I am enclosing a check for $50 to cover the payroll period up to July 9, 1954. Our payroll week is from Friday to Thursday." To that letter the plaintiff responded: "Thanks for the check, but in the future, please forward all pay checks to my home address, 1245 Atwood Ave., Akron 1, Ohio." The defendant contends that under the principles of law set out in Code §§ 38-120 and 38-409, the plaintiff admitted that the contract was as contended by the defendant. The contention is without merit. Defendant's letter was dated on July 9, 1954, which was two days after the plaintiff's employment began. The letter did not mention expenses, yet the defendant readily admits that it was to pay the plaintiff's expenses. The letter did not seek to set up the terms of the employment but merely stated that he was to receive a salary of $100 a week and that a check for part of a week's salary was enclosed. In response to such letter, the plaintiff could not have objected to the failure to mention any percentage of the gross profits because as of that time the plaintiff had not participated in or conducted a sale and was, therefore, not entitled to or due any percentage of gross profits.

The evidence also authorized the finding that the defendant was not guilty of any breach of the employment contract or guilty of any fraud or bad faith.

■ The question as to whether the contract sought to be enforced should have been in writing and was subject to the statute of frauds will not be considered where it was raised for the first time on appeal and was never raised in the trial court. *Butler* v. *Milam*, 26 *Ga. App.* 126 (1) (105 S. E. 628).

■ The defendant's objection to the request for admissions

as a whole was based on the following ground: "That the act providing for admissions of facts (Georgia Laws January-February Session 1953, page 224) is limited both by its caption and by its body to 'civil actions in the superior courts,' and for that reason the same is not applicable to the above action which is pending in the Civil Court of Fulton County." The plaintiff contended that request for admissions could be made in the Civil Court of Fulton County because the act creating such court and acts amendatory thereof provide that where the amount sued for is $300 or more, "the pleadings in such cases shall be in conformity with the rules of pleadings . . . in the superior courts of the State of Georgia." (Ga. L. 1933, p. 297.) The plaintiff contends that request for admissions and responses thereto are pleadings and, therefore, Ga. L. 1953, Jan.-Feb. Sess., p. 224 applies to the Civil Court of Fulton County. The contention is without merit. The act of 1953 is identical with Rule 36 of the Federal Rules of Practice and Procedure, 28 U. S. C. A. 332. *Hobbs* v. *New England Ins. Co.*, 212 *Ga.* 513, 517 (93 S. E. 2d 653). It has been held in relation to the Federal rule that neither the request for admissions nor the sworn statement or the denial of the opposite party can be regarded as a pleading since they pertain only to the matter of proof. See Van Horne v. Hines, 31 Fed. Supp. 346 (1); Sieb's Hatcheries, Inc. v. Lindley, 13 F. R. D. 113; Dulansky v. Iowa-Illinois Gas & Electric Co., 92 Fed. Supp. 118 (1); Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 2, § 831, p. 537. We think that the same rule pertains to the Georgia statute and that request for admissions and responses thereto are not pleading. Therefore, the rule is not applicable in the Civil Court of Fulton County, and the court erred in not sustaining the objection to the request for admissions. However, no harm is shown to the defendant in such error because it does not appear that the request for admissions and the responses thereto were admitted in evidence and considered by the court in rendering his judgment.

The court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*