40046. JACKSON'S MILL & LUMBER COMPANY, INC. et al. v. HOLLIDAY.

RUSSELL, Judge. 1. Where, as here, a petition is amended in a material respect after the filing of demurrers directed to the original pleading, the demurrers, if intended to be relied upon against the petition as amended, must be renewed. Otherwise they will form no basis for an assignment of error in this court. *McCormick v. Johnson,* 213 Ga. 544 (100 SE2d 195); *Lewis v. Gay,* 215 Ga. 90 (1) (109 SE2d 268). The order of the trial court on which error is assigned here is a judgment overruling a general demurrer and sustaining a special demurrer to paragraph 5 of count 3 with leave to amend. Plaintiff amended setting out the amounts of various kinds of lumber delivered by it to the defendant and the manner in which the defendant used the material received in making improvements upon its real estate, all of which allegations were material to the cause of action set out in count 3 which sought the foreclosure of a materialman's lien on the premises involved by reason of such improvements. The general demurrer to this count, not having been renewed after the amendment, became extinct and nugatory.

2. A motion for judgment notwithstanding the verdict under *Code Ann.* § 110-113 provides for "a final disposition of the case by the appellate court where the evidence is insufficient to justify the verdict rendered on any theory, or where a judgment for the losing party in the trial court is demanded by the law." *Kicklighter v. Kicklighter,* 217 Ga. 54, 57 (121 SE2d 122). The rule stated in *McClelland v. Carmichael Tile Co.,* 94 Ga. App. 645 (96 SE2d 202) and cited in *Ga. R. & Bkg. Co. v. Cook,* 94 Ga. App. 650 (95 SE2d 703) and *Mass. Bonding & Ins. Co. v. Bins & Equip. Co.,* 100 Ga. App. 847 (112 SE2d 626) to the effect that it will be granted only

"where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case" is wrong in view of the controlling rulings of the Supreme Court to the effect that a motion for a judgment n.o.v. should be granted in cases where verdicts should have been directed on motion. When a verdict should be properly directed is too well known to require additional authority. The Supreme Court has declared the rule on the granting of motions for judgments n.o.v. in *Kicklighter v. Kicklighter,* 217 Ga. 54, 57, supra, and *Daniel v. Weeks,* 217 Ga. 388, 396 (122 SE2d 564), as well as numerous other cases.

3. "A prior extra-judicial admission of a party opponent is not only admissible for purposes of impeachment where in contradiction of the party's testimony on the trial of the case, but may be considered as positive evidence, subject to whatever explanation or reconciliation of the conflicting statements may be offered by the witness and believed by the jury." *Sims v. Hoff,* 106 Ga. App. 626 (1b) (127 SE2d 679).

4. In a proceeding to foreclose a materialman's lien under *Code* § 67-2002 for materials furnished for the improvement of real estate, where it is shown that the materials were delivered to the premises of the owner, the question of whether or not a plaintiff may recover without proof that the materials or some of them were actually used in the construction of the building has been twice raised without decision in *Bryant v. Ellenburg,* 106 Ga. App. 510 (127 SE2d 468) and *Ingalls Iron Works Co. v. Standard Accident Ins. Co.,* 107 Ga. App. 454 (130 SE2d 606), the latter case questioning the statements in *Adams & Co. v. General Electric Supply Corp.,* 62 Ga. App. 287 (8 SE2d 135) and *Chambers v. Williams Bros. Lumber Co.,* 80 Ga. App. 38, 43 (55 SE2d 244) that it is necessary to show that the specific material was used in construction on the premises. However, where a materialman furnishes and delivers materials to the owner's premises in reliance on the owner's representation that the material is intended to be used for the improvement of the property, the owner is estopped, as between the parties, to contend that it was not in fact so used. *Howell v. Cordray,* 22 Ga. App. 195 (1) (95 SE 762).

5. Lien laws, being purely statutory, must be strictly construed. *White v. Aiken,* 197 Ga. 29, 33 (28 SE2d 263). All facts

necessary to constitute a lien must be shown. *Hawkins v. Chambliss,* 116 Ga. 813, 814 (43 SE 55). One of the things most necessary to be proved in order for the lien to be perfected, foreclosed, and the judgment enforced, is in the amount, by which is meant not just the amount of money owing by the defendant to the plaintiff, but the amount to which the plaintiff is entitled *as a lien on the property improved* because the debt was contracted and the goods or services used in a manner which may under the statutes become the subject matter of a lien on that particular property as opposed to the assets of the defendant generally. Where, although the debt is undisputed, no facts appear from which the jury is given a legitimate basis for calculation of a particular sum which the lienor is entitled to foreclose, a judgment in his favor cannot stand. *Slappey v. Charles,* 7 Ga. App. 796 (68. SE 308); *Vincent v. Garmon,* 95 Ga. App. 642 (98 SE2d 408). The *Slappey* case illustrates if it does not explicitly define the rule stated in House v. Fissell, 188 Md. 160, 161 (51 A2d 669), that "where lienable and nonlienable items are included in one contract for a specific sum, and it cannot be [determined] . . . what proportion is chargeable to each, the benefit of . . . lien law is lost."

6. It appears from the evidence on the trial of this case that the plaintiff, under a contract dated September 25, 1961, delivered to the defendant Jackson's Mill & Lumber Co., Inc. certain pine and hardwood logs during the months of September and October, and that between September and November the defendant built a large kiln shed and mop handle machine, it being contended that the pine logs were used for the shed and the hardwood timber for the machine. The plaintiff's evidence most favorable to his view is as follows: "He [C. N. Jackson, the defendant's agent with whom plaintiff dealt] told me that as soon as he got those kilns built and that mop thing, that he was using some of that timber to do that, and he was going to get me some money . . . They gave me the impression that they were using my lumber in the building of that shed . . . I know the lumber and timber were used on the premises out there just going by what Mr. Jackson said. . . They said that they were going to take some of the timber and build this shed and this mop handle place . . . He said that the timber would be used in a way that I can pay

you . . . He said he was going to take that timber and use it in building this thing where he could pay me my money. Q. And he never did tell you that he was building it out of your timber, did he? A. Yes, Sir . . . He said he would use it in a process and in a way that I would get my money." However, the plaintiff also testified: "Q. How many feet did you say were going in there? All of it? A. They didn't say that all of it was going in there. Q. How much did they say? A. They didn't say. Q. Well, you are claiming a lien for all of it. Let's be specific. How much went in it, Mr. Holliday? A. I can't say . . . According to the size of the shed, if they used all of my timber there it took it all." The plaintiff, however, had never been told that all of the timber would be used in building the shed, nor did he know the size of the shed, how much timber it took to erect it, or what part of the timber which went into it, if any, was that sold by him. The same applies to the wooden parts of the machine constructed inside the shed out of hardwood. The contract included chips as well as pine and hardwood, and these were not accounted for or their value deducted.

Although evidence generally is construed in favor of the verdict rendered, the testimony of a party must, where susceptible of two constructions, be given that adverse to his contentions. *Long Cigar &c. Co. v. Harvey,* 33 Ga. App. 236, 237 (125 SE 870) ; *Robertson v. Carroll Furniture Co.,* 54 Ga. App. 841 (2) (189 SE 273). The only testimony as to the amount of timber sold by the plaintiff to the defendant for the improvement of the latter's property, as opposed to a sale of timber merely for use in the latter's sawmilling business, comes from the plaintiff, and it is obvious from his testimony that he has no idea either how much of the timber was intended to be used for this purpose or whether any at all was in fact so used. He does not even contend that it was intended for all of it to be used in improving the real property. The evidence shows no specific amount on which a lien could be predicated. Delivery to the sawmill is not sufficient in and of itself for the reason that no presumption of fact could arise from such delivery that the timber was intended for the shed or the erection of the machine, it being the same sort of timber which was ordinarily used by the defendant in its sawmilling operations and general business. It follows that as to count 3

the evidence demanded a finding in favor of the defendant against the lien.

The trial court erred in denying the motion for judgment notwithstanding the verdict as to count 3, which sought a special lien against the property. It was not error to overrule the motion insofar as the general judgment involved in counts 1 and 2 is concerned.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 1, 1963—
REHEARING DENIED NOVEMBER 19, 1963.

*Wilbur A. Orr,* for plaintiffs in error.
*Walton Hardin,* contra.