42969. ALLISON, Administratrix v. ENGLISH et al.

HALL, Judge. This is a negligence action against the City of Atlanta and the driver of a truck allegedly owned by the city. The record shows that on the date the hearing on demurrers was set the plaintiff was not present at the hearing and a motion to dismiss was made by the defendant's counsel ". . . based upon sworn interrogatories filed by the party plaintiff setting forth that notice of the claim for damages was not given to the governing authority of the City of Atlanta as required by 69-308, Code Annotated, State of Geor-

gia as amended . . ." and the court entered an order granting the motion to dismiss on that date, April 6, 1967. The plaintiff made a motion to set aside that judgment on April 18, 1967. Upon hearing the court overruled the motion to set aside the judgment. If we consider the motion made at the first hearing as in the nature of a general demurrer, the trial court was in error in granting it because, as the order shows, the court considered evidence. In ruling on demurrers only pleadings may be considered and it is improper to consider evidence. Sworn answers to interrogatories are not pleadings. *Ross & Ross Auctioneers, Inc. v. Testa,* 96 Ga. App. 821, 825 (101 SE2d 767).

If we consider that motion as a motion for summary judgment upon the pleadings and supporting documents on file, the court was in error in granting it without the motion having been served on the adverse party before the hearing, as required by law. Ga. L. 1959, p. 234 (*Code Ann. Ch.* 110-12). The trial court erred, therefore, in overruling the plaintiff's motion to set aside the judgment.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 5, 1967—DECIDED SEPTEMBER 15, 1967.

*Saul Blau,* for appellant.

*Henry L. Bowden, Henry M. Murff, Ralph C. Jenkins,* for appellees.