46364.   KERR v. NOBLE.

Hall, Presiding Judge. Plaintiff appeals from the setting aside of his previous judgments by the trial court, after it had been affirmed by this court in *Noble v. Kerr,* 123 Ga. App. 319 (180 SE2d 601) and the subsequent entry of a new judgment for a lesser amount. This action by the trial court was taken in response to a motion by defendant based on the fact that the first judgment exceeded the jury's verdict.

1. The court erred in setting aside the first judgment (dated February 10, 1970) and entering a new one (dated March 31, 1971) since a motion to set aside must be predicated upon a nonamendable defect appearing on the face of the record. *Code Ann.* § 81A-160 (d).

However, while the means was error, the end was not. The court may *amend* a judgment to make it conform to the verdict, not only after the term in which it was rendered, but after the case has been affirmed by an appellate court. *Code* § 24-104 (6); *Foster v. Allen*, 201 Ga. 348 (2) (40 SE2d 57); *Bank of Tupelo v. Collier*, 192 Ga. 409 (15 SE2d 499); *Reserve Life Ins. Co. v. Ayers*, 105 Ga. App. 804 (126 SE2d 448). Such an amendment would relate back to that which was amended. Further, the court may act on its own motion where a nunc pro tunc judgment is based solely on the record. *Swindell v. Swindell*, 208 Ga. 727 (69 SE2d 197).

2. The court did not err in refusing, upon oral motion, to "re-instate" plaintiff's voluntarily dismissed motion for judgment n.o.v.

*Accordingly, the judgment is reversed and remanded with direction that the trial court amend its judgment of February 10, 1970, to make it conform to the verdict. Eberhardt and Deen, JJ., concur. Whitman, J., not participating because of illness.*

SUBMITTED JUNE 30, 1971—DECIDED OCTOBER 28, 1971.

*J. Ralph McClelland, Jr.*, for appellant.
*Peek, Whaley & Haldi, Glenville Haldi*, for appellee.