### 50606. BOWEN et al. v. COLLINS et al.

EVANS, Judge.

Bowen and Rogers, d/b/a Bowen-Rogers Hardware Company, were partners, and were engaged in the business of furnishing materials for construction of buildings. In this particular case they sued the contractor for a general judgment, which was rendered in plaintiff's favor by default. The materialmen then brought a separate action against the owners of the property, Ronald A. and Carol C. Collins, as defendants, and sought a judgment in rem (or a lien) against the property of the owners.

The defendants contended the material furnished by plaintiffs did not go into construction of the building of defendants, and consequently plaintiffs were not entitled to a lien. *Held:*

1. Laws as to liens of mechanics and materialmen who supply labor or materials for the improvement of realty are in derogation of the common law and must be strictly construed; and one who claims such a lien must bring himself clearly within the law. *White v. Aiken,* 197 Ga. 29, 33 (28 SE2d 263); *Hawkins v. Chambliss,* 116 Ga. 813, 814 (43 SE 55); *Haralson v. Speer,* 1 Ga. App. 573, 575 (58 SE 142); *Jackson's Mill & Lumber Co. v. Holliday,* 108 Ga. App. 663, 665 (5) (134 SE2d 563).

2. The burden was on the plaintiffs to prove that the materials furnished actually went into construction of defendants' building, under a contract and the value of same. *Jackson's Mill & Lumber Co. v. Holliday,* 108 Ga. App. 663, 665 (5), supra; *Slappey v. Charles,* 7 Ga. App. 796 (68 SE 308); *Vincent v. Garmon,* 95 Ga. App. 642 (98 SE2d 408).

3. Since there was evidence here from which the jury could infer that much of the material charged against the defendant's job did not go into the construction of defendants' dwelling, the court did not err in charging the

jury that to obtain a lien, the supplies must be furnished for the purpose of improving the owner's property and that they were in fact used in such improvements. In *Schofield v. Stout,* 59 Ga. 537, it was held that such improvements must be attached to and become incorporated in the realty.

4. Where a materialman furnishes and delivers material to the owner's premises in reliance on the owner's representation that the material is intended to be used for the improvement of the property, the owner is estopped as between the parties to contend that the material was not in fact so used. *Howell v. Cordray,* 22 Ga. App. 195 (1) (95 SE 762); *Jackson's Mill & Lumber Co. v. Holliday,* 108 Ga. App. 663 (4), supra. But there was no estoppel of the owner under the facts here, and the above statement of law does not apply.

5. Plaintiff proved the material was charged to the contractor but did not prove that all of same was delivered to defendant's job. Materials were supplied to several other houses in the immediate area, and some of the materials were supposedly delivered to the job by the contractor's employees. Accordingly, the general grounds of the motion for new trial are not meritorious, and the evidence does not demand a finding that the material was delivered to defendant's home construction site and used to improve his dwelling. Consequently, there is no merit in the complaint that the trial judge should have granted plaintiff's motion for judgment notwithstanding the verdict even if, arguendo, a proper motion for directed verdict had been made, which we do not decide.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 29, 1975 — DECIDED JUNE 19, 1975.

*Cowart & Cowart, C. L. Cowart, Harry R. DeLoach,* for appellants.

*M. Francis Stubbs,* for appellee.