54196. SHIRAH CONTRACTING COMPANY, INC. v. WAITE et al.

BIRDSONG, Judge.

Appellant, Shirah Contracting Co., Inc. (Shirah), brings this appeal from the partial grant of summary judgment in favor of Mr. and Mrs. Waite. Shirah, as a materialman, performed certain construction work upon a house owned by Mrs. Waite. The last work performed or material furnished occurred in September, 1975. In October, 1975, Shirah submitted invoices calling for the payment of $28,621.24 for its work and services. Upon failure of the Waites to make payment, Shirah filed its

lien in December, 1975, stating the amount due as $28,621.24. In February, 1976, Shirah submitted further invoices showing an additional $10,301.05 as due and owing for the work performed prior to October, 1975. In May, 1976, Shirah filed an amended notice of lien changing the original lien from $28,621.24 to the enlarged amount of $38,922.29. The Waites filed, among other defenses, a defense that the amended lien filed in May was not filed within three months of the last work performed or material furnished and therefore did not constitute a valid lien against the property. Shirah countered by arguing that under modern practice and pleading, the originally filed pleadings and lien, which were admittedly within the statutory period of time, were amended and that amendment simply related back to the original pleading and lien. Shirah thus contends that there was only one lien, as amended, and not two liens as contended by the Waites. Shirah now brings its appeal to the adverse decision by summary judgment as to the second lien in the amount of $10,301.05. *Held:*

1. The sole issue presented by this case is whether a materialman can amend a lien filed within the requisite three-month period, where the amendment is filed more than three months after the last service is rendered. Insofar as we can determine, there are no Georgia cases addressing this precise issue.

First of all, we accept as a premise that a materialman's lien is a creature of statute, and as such is in derogation of common law. Thus, liens are to be strictly construed. *White v. Aiken,* 197 Ga. 29, 33 (28 SE2d 263) (1943); *Jackson's Mill &c. Co. v. Holliday,* 108 Ga. App. 663, 665 (134 SE2d 563) (1963). With that rule as a linch pin, we note the general rule to be that in the absence of statutory authority, a mechanic's lien may not be amended after the limitation date. Logan-Moore Lumber Co. v. Black, 185 Kan. 644 (347 P2d 438) (1960); Greenhouse v. Duncan Village Corp., 184 A2d 479 (Del., 1962); Neal v. Whisnant, 266 N. C. 89 (145 SE2d 379) (1965); Guaranty Pest Control v. Commercial Investment &c. Corp., 264 S2d 163, 166 (Ala., 1972); 53 AmJur2d 743, Mechanics' Liens, § 223. We have diligently perused Chapter 67-20 of the Code Annotated, as amended, deal-

ing with mechanics' and materialmen's liens, and we find nothing that allows an amendment to the original lien where the amendment is filed after the requisite three-month period (Code Ann. § 67-2002 (2)). In the absence of an express exception to the rule set forth in these provisions of the statute, we have been presented no reason why we should not apply the general rule. If for some reason amendments after the three-month limitation period are to be accepted, it is for the General Assembly to make such exceptions, not this court.

Because lien laws must be strictly construed, all facts necessary to constitute a lien must be shown. *Hawkins v. Chambliss,* 116 Ga. 813, 814 (43 SE 55) (1902); *Bowen v. Collins,* 135 Ga. App. 221 (1) (217 SE2d 193) (1975). One of the elements most necessary to be proved in order for the lien to be perfected, foreclosed, and the judgment enforced, is the amount owing by the defendant to the plaintiff. *Jackson's Mill &c. Co. v. Holliday,* supra, p. 665. Notwithstanding that a fixed amount owing was one of the essential elements for the establishment of the original lien, to which amendment was sought, appellant seeks to avoid the plain requirements of the lien law. This it may not do. See E. J. Hollingsworth Co. v. Continental-Diamond Fiber Co., 36 Del. 303, 306 (175 A 266) (1934); Harrogate Construction Co. v. James Haas Co., 250 A2d 376, 379 (Del., 1969).

2. Appellant seeks to avoid the clear language of Code Ann. § 67-2002 (2) by calling into play the provision of the Civil Practice Act § 15 (c) (Code Ann. § 81A-115 (c)) providing for amendments to pleadings with the relation back of the amendment to the original pleadings. The difficulty with this position is that CPA § 15 (c) deals exclusively with "pleadings." It has long been the law that collateral matters are not pleadings. Thus, it has been held that interrogatories attached to pleadings, requests for admissions, even the sworn statement or denial of the opposite party, cannot be regarded as pleadings since these pertain only to matters of proof. *Gregory v. King Plumbing, Inc.,* 127 Ga. App. 512 (194 SE2d 271) (1972); *Allison v. English,* 116 Ga. App. 318 (157 SE2d 324) (1967); *Ross & Ross Auctioneers v. Testa,* 96 Ga. App. 821 (101 SE2d 767) (1958). We conclude,

therefore, that CPA § 15 (c) providing for the amendment of "pleadings" does not apply to a mechanic's lien, because such a lien is nothing more than a matter of proof. See McNab & Harling Mfg. Co. v. Patterson Bldg. Co., 63 A 709, 715 (N. J. 1906); Meehan v. St. Paul M. & M. R. Co. 83 Minn. 187 (86 NW 19) (1901).

3. In view of the foregoing, it follows that the trial court did not err in granting a partial summary judgment to the abortive May 1976 amendment to Shirah's original lien.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 7, 1977 — DECIDED SEPTEMBER 29, 1977.

*Ralph T. Bowden, Jr.,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellees.