## 65069. SANFORD v. HODGES BUILDERS SUPPLY, INC.

CARLEY, Judge.

Appellee-materialman filed suit against appellant-property owner and Thomas, appellant's contractor. Appellee alleged that it had supplied Thomas with materials valued at $11,203, that such materials were used in improving appellant's real property, but that payment therefor had not been made. Thomas did not file an answer, and appellee took a default judgment against him. In her answer, appellant averred that she had entered into an oral agreement with Thomas to build a house for her, that the agreed upon price was to include all labor and materials, and that some of the materials allegedly supplied by appellee to Thomas were not used in improving appellant's property.

Appellee filed a motion for summary judgment, relying upon an affidavit of its general manager stating that the materials supplied to Thomas were used in improving appellant's home, and that the materials were either picked up by Thomas at appellee's place of business or delivered by appellee to the job site. In response to the motion for summary judgment, appellant filed an affidavit of a contractor stating that certain materials listed by appellee as having been used in the improvement of appellant's land were not so used and were not a part of appellant's house. The trial court granted

summary judgment in favor of appellee and, apparently taking into consideration the items which, according to the affidavit of appellant's expert, were not a part of the house as constructed, granted a special lien on appellant's property in the reduced amount of $9,171.22. The trial court also entered a general judgment in favor of appellee against appellant personally. Appellant appeals from the grant of summary judgment in favor of appellee.

1. Appellant asserts that the trial court erred in granting summary judgment against her personally. " 'Where a materialman seeks to foreclose his lien against real estate which has been improved with material furnished by him to a contractor for such purpose, he can not recover a general verdict and judgment against the owner of the land for the value of the material furnished,' and 'a materialman can not recover a general judgment against the owner of the land for the material furnished, for the simple reason that [s]he is no party to the contract for the purchase of the material.' [Cits.] There was no evidence of any contractual relationship between [appellee] and [appellant], and the court erred in entering a personal judgment against [appellant]." *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652, 658 (56 SE2d 841) (1949).

2. Appellant further contends that the trial court also erred in granting summary judgment so as to establish a special lien against her property as appellee did not make a sufficient showing that the materials which it allegedly furnished Thomas were used in making improvements to appellant's property.

"The burden was on the [appellee] to prove that the materials furnished actually went into construction of [appellant's house], under a contract and the value of same." *Bowen v. Collins,* 135 Ga. App. 221 (217 SE2d 193) (1975). "It is the general rule that there is a presumption of the use of materials in a building or improvement arising from the fact of their delivery thereto for that purpose, and the burden is then on the property owner to prove that the material was not so used. [Cits.] The reason for this rule is that it would be too great a burden on the materialman to require him to prove by direct and positive testimony that the materials delivered were actually used in the improvement, and the owner is in a better position to determine whether the materials were used or not." *Bankston v. Smith,* 236 Ga. 92 (222 SE2d 375) (1976). That same presumption has been held to arise, in absence of evidence to the contrary, when it is shown that the materials were shipped to the subcontractor for use in the construction project. *Horne-Wilson v. Smith,* 109 Ga. App. 676, 678 (137 SE2d 356) (1964). Cf. *Maloy v. Planter's Warehouse & Lumber Co.,* 142 Ga. App. 69 (234 SE2d 807) (1977).

In the instant case, the affidavit of appellee's general manager

stated that the materials it furnished were "picked up from [appellee] by [the contractor] or someone on his behalf, and some were delivered by [appellee's] employees to [appellant's] job site where they were received by [the contractor] or someone on his behalf." The affidavit submitted on behalf of appellee also showed that the contractor had no job accounts with it other than for the construction of appellant's home, and nearly all of the actual invoices for materials purchased were specifically designated for the construction of appellant's property. Appellant contradicted appellee's evidence by showing that particular materials listed on certain invoices could not be found in appellant's home. The trial judge properly subtracted the value of all of those items listed by appellant from the amount claimed by appellee. As to all other materials allegedly furnished by appellee and as listed on the invoices, appellant presented only the deposition of an "expert" that he was "not able to make accurate estimates" as to whether the materials were used in the house. Appellant also did not dispute appellee's contention that the materials were delivered to appellant's property or picked up by her contractor.

On the evidence of record and under the above-stated principles of law, appellee was entitled to a presumption that the materials were used in the improvement of appellant's property. Appellant having produced no evidence to refute that presumption — except as to that amount which was subtracted by the trial judge — no genuine issue of fact remained as to that issue. Therefore, we must now address the remaining enumerations of error in order to determine whether any other genuine issues of material fact remain so as to preclude the grant of summary judgment creating a special lien against appellant's property in the specific amount of $9,171.22.

3. Appellant contends that the trial court erred in granting summary judgment so as to establish a special lien against her property as appellant submitted evidence that she had fully paid to the contractor the full contract price and that the funds had been disbursed to holders of valid claims for labor and materials. "Full payment by the owner to the contractor of the contract construction price will afford the owner a perfect defense to an action by a supplier of materials for improvement of the property to foreclose his lien if the contractor has disbursed the funds to holders of valid claims for labor and materials used in making the improvement at a time when no claim for lien had been filed or recorded." *Bowen v. Kicklighter,* 124 Ga. App. 82 (183 SE2d 10) (1971). " '. . . [T]he owner is required to show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning indebtedness had been obtained.

(Cits.)' [Cit.]" *Shuman-Mann Supply Co. v. Weaver,* 162 Ga. App. 422 (291 SE2d 562) (1982). The record contains no evidence which would authorize a finding that *all sums* paid by appellant to the contractor were appropriated to materialmen or laborers. Thus, appellant can not assert a *complete* defense to appellee's action to foreclose the lien.

However, short of a complete defense, the owner is also entitled to credit for any sums paid to the contractor which were properly applied to bills for labor and material. "[T]he owner is bound for the contract price and is bound to see that *to the extent of this price the amounts paid to the contractor are appropriated by him to the payment of valid claims of materialmen and laborers;* but if the aggregate claims of materialmen and laborers exceed the contract price, the loss should fall upon them rather than upon the owner." (Emphasis supplied.) *Green v. Farrar Lumber Co.,* 119 Ga. 30, 33 (46 SE 62) (1902). See also *Ingram v. Barfield,* 80 Ga. App. 276, 278 (55 SE2d 725) (1949); *Hausen v. James Development,* 143 Ga. App. 265, 266 (238 SE2d 265) (1977); *Henderson v. Mitchell Engineering Co.,* 158 Ga. App. 306 (279 SE2d 750) (1981).

In this case, appellant submitted an affidavit swearing that she had paid the full contract price and that, of that amount, the sum of $1,507.64 was paid to certain materialmen for their work on her house. These payments were made under the direction and in the presence of the contractor. This creates a genuine issue of material fact as to the amount paid to the contractor *and* appropriated, by him or on his behalf, to valid claims of materialmen and laborers. Only after resolution of this factual question can there be a proper determination as to the amount of the special lien to which appellee is entitled. Under this evidence, it was error for the trial court to grant summary judgment for appellee which had the effect of granting to appellee a special lien against appellant's property in a specific amount.

4. Appellant finally asserts that after the institution of this litigation, the contractor tendered $300 in partial payment of the instant account and appellee refused such payment. Appellant contends that summary judgment was thus improper as the tender of $300 payment by the contractor discharged the lien. OCGA § 44-14-361 (Code Ann. § 67-2001) provides methods by which such a lien may be waived or dissolved. There is no merit to appellant's contention that appellee's refusal of the contractor's tender of partial payment constitutes a waiver of a special lien otherwise properly created on appellant's property.

*Judgment reversed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED MARCH 9, 1983 —
REHEARING DENIED MARCH 30, 1983.

*Milton F. Gardner, Jr.,* for appellant.
*T. Dorsey Yawn,* for appellee.